2001 UT App 272

**AMERICA FIRST CREDIT UNION,**
Petitioner and Appellant,

v.

**DEPARTMENT OF FINANCIAL INSTI-
TUTIONS, G. Edward Leary, Commis-
sioner, Respondent and Appellee.**

No. 20000965–CA.

Court of Appeals of Utah.

Sept. 20, 2001.

Thomas T. Billings, Timothy W. Black-
burn, and Mary E. Westby, Van Cott Bagley
Cornwall & McCarthy, Salt Lake City, for
Appellant.

Mark L. Shurtleff, Attorney General, and
Perri Ann Babalis, Assistant Attorney Gen-
eral, Salt Lake City, for Appellee.

Before BENCH, DAVIS, and ORME, JJ.

OPINION

BENCH, Judge:

¶ 1 Appellant (America First) challenges
the district court's conclusion that Utah Code
Ann. § 7–9–20(7) (Supp.2000) precludes
America First from participating in a loan to
a nonmember. We affirm.

BACKGROUND

¶ 2 Holladay Bank originated a commercial
loan to one of its customers in the amount of
$1,312,500. America First agreed to partici-
pate in the loan, even though the borrower
was not a member of the credit union. Hol-
laday Bank needed America First's partic-
ipation to avoid exceeding its own statutory

lending limit. Under a September 8, 1999 loan participation agreement with Holladay Bank, America First agreed to purchase 76.19% (or $1,000,000) of the loan.

¶ 3 Pursuant to Utah Code Ann. § 7–1–706 (Supp.2000), America First filed an application with the Department of Financial Institutions (Department) seeking approval of the participation agreement and a concurrence in America First's interpretation of the Utah Credit Union Act (Credit Union Act), Utah Code Ann. §§ 7–9–1 to –54 (1995 & Supp. 2000). The Department denied approval, concluding that America First's participation would violate the Credit Union Act.

¶ 4 America First appealed the Department's denial of its application to the district court. The district court affirmed the Department's decision after concluding that 1) America First's participation constituted a "member-business loan" under Utah Code Ann. § 7–9–3(7) (Supp.2000), 2) as a "member-business loan," America First's participation was subject to the membership and loan limitation provisions of the Credit Union Act, and 3) America First failed to meet the membership and loan limitation requirements of the Credit Union Act. As a result of the Department's rejection of the participation agreement, the borrower had to obtain financing from another lender.

¶ 5 America First does not dispute that the borrower is not a member of America First. However, America First does appeal the district court's conclusion that America First's participation is subject to the membership and loan limitation restrictions applicable to a "member-business loan." *Id.*

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 6 America First challenges the trial court's interpretation of the Credit Union Act. "Matters of statutory construction are questions of law that are reviewed for

correctness." *Platts v. Parents Helping Parents,* 947 P.2d 658, 661 (Utah 1997). "Where the issue is a question of law, ... appellate review gives no deference to the trial judge's or agency's determination...." *Drake v. Industrial Comm'n,* 939 P.2d 177, 181 (Utah 1997).

## ANALYSIS

■ ¶ 7 The Credit Union Act allows credit unions to enter into loan participation agreements with other financial organizations "in accordance with written policies of the [credit union's] board of directors." Utah Code Ann. § 7–9–5(12) (Supp.2000). The only other statutory restriction on loan participation agreements is section 7–9–20(7)(f), which provides in part:

> For a member-business loan that is extended through a loan participation arrangement in accordance with Subsection 7–9–5(12):
>
> (i) in applying the limitation of Subsection (7)(e), each credit union participating in the member-business loan may extend up to $1,000,000 of the amount financed; and
>
> (ii) the requirement of Subsection (7)(b)(ii)(A)[1] applies to the membership in any credit union that participates in the loan participation arrangement for the member-business loan.

Utah Code Ann. § 7–9–20(7)(f). We find no ambiguity in this statute, so we rely on its plain language to interpret it. *See O'Keefe v. Utah State Ret. Bd.,* 956 P.2d 279, 281 (Utah 1998). According to the plain language of the statute, credit union participation in a member-business loan is restricted by membership and loan limitation requirements.

■ ¶ 8 America First argues that its participation is not a loan of any kind, but rather an investment. The Credit Union Act allows investments that are "reasonable and pru-

---

1. Utah Code Ann. § 7–9–20(7)(b)(ii) (Supp.2000) states:

   Beginning March 24, 1999, a credit union may not extend a member-business loan to a person:

   (A)(I) if the person is a business entity, unless at least one individual having a controlling interest in that business entity has been a member of the credit union for at least six months prior to the date of the extension of the member-business loan; or

   (II) if the person is an individual, unless the individual is a member of the credit union for at least six months prior to the date of the extension of the member-business loan....

dent," Utah Code Ann. § 7–9–26(3)(f) (Supp. 2000), and made "in accordance with written policies of the [credit union's] board of directors." Utah Code Ann. § 7–9–5(12). The Utah Administrative Code, however, defines a participation as "the purchase or sale by a lender of a loan or part of a loan." Utah Code Admin. P. R331–12–2(1). The Department argues that by using the words "lender" and "loan," the Utah Administrative Code leaves no room for classifying America First as anything other than a lender. America First counters by contending that the administrative code definition merely describes what is being purchased and does not necessarily mean that the participant is a lender just because it purchases an interest in a loan originated by someone else.

¶ 9 Even considering the loan participation separate from the underlying loan, America First is a lender and not an investor. Loan participation is defined as, "The coming together of multiple lenders to issue a large loan ... to one borrower, thereby reducing each lender's individual risk." Black's Law Dictionary 948 (7th ed.1999). Nothing in this definition indicates that the participant is anything other than a lender. Case law supports the dictionary definition. *See Banco Espanol de Credito v. Security Pac. Nat'l Bank,* 763 F.Supp. 36, 42 (S.D.N.Y.1991) (concluding that when a participant purchases an interest in a specific loan rather than a pool of loans, the loan participation does not have an identity separate from the underlying loan); *State v. Security Nat'l Bank & Trust Co.,* 922 P.2d 600, 603 n. 4 (Okla.1996) ("A loan participation is a shared loan.").[2] The Utah Administrative Code clearly requires that a purchased loan conform with the participant's "lending and loan approval standards." Utah Code Admin. P. R331–12–3(2)(b). If loan participants were

not lenders, there would be no need for such a requirement.

¶ 10 Furthermore, the loan participation agreement itself grants America First administrative powers and obligations not typically retained by a passive investor. For instance, America First has 1) the power to disapprove the substitution of other security for the loan, 2) the power to disapprove the revision, modification or cancellation of any loan documents, and 3) the obligation to share in loan administration, collection, and foreclosure expenses. The underlying facts also support our conclusion. Holladay Bank could not extend the loan on its own because the loan exceeded the bank's lending limit. America First's involvement was essential to the extension of the loan in the first place— as evidenced by the borrower's having to obtain financing from another lender after America First's participation was disallowed.

¶ 11 Having concluded that America First's participation was that of a lender, we now turn to the question of whether the proposed loan was a "member-business loan." Utah Code Ann. § 7–9–3(7). The Credit Union Act defines member-business loan as "*any* loan, line of credit, or letter of credit, the proceeds of which will be used for: (i) a commercial purpose; (ii) other business investment property or venture purpose; or (iii) an agricultural purpose." *Id.* § 7–9–3(7)(a) (emphasis added). Although America First may be a participating lender rather than an originating or primary lender, the definition of a member-business loan as "any loan" is very broad. *Id.* The statute does not distinguish between participating and originating lenders. The legislature could have drafted the statute to restrict the definition to loans originated by credit unions.

---

**2.** Federal circuit courts have also concluded that, for purposes of deciding whether a loan participation is an investment contract, a loan participation is not an investment. *See Union Nat'l Bank v. Farmers Bank,* 786 F.2d 881, 884–85 (8th Cir.1986) (concluding loan participation not an investment because term of underlying loan was short, the loan was extended to fund the borrower's operations, and the participating lender received a fixed rate of interest); *Union Planters Nat'l Bank v. Commerical Credit Bus. Loans, Inc.,* 651 F.2d 1174, 1181 (6th Cir.1981) (concluding

loan participation not an investment because it was secured by collateral and the repayment time period was relatively short); *United Am. Bank v. Gunter,* 620 F.2d 1108, 1118 (5th Cir. 1980) (concluding loan participation not an investment because the loan was secured by collateral and repayment was not conditioned on the success of the borrower's business); *American Fletcher Mortgage Co. v. U.S. Steel Credit Corp.,* 635 F.2d 1247, 1253–54 (7th Cir.1980) (same); *Great Western Bank & Trust v. Kotz,* 532 F.2d 1252, 1256–58 (9th Cir.1976) (same).

Since the legislature has not done that, we have " 'no power to rewrite the statute to conform to an intention not expressed.' " *State v. Rudolph*, 970 P.2d 1221, 1229 (Utah 1998) (citation omitted). Because America First would be involved in loaning money for a commercial purpose, the loan is a "member-business loan" as defined by the Credit Union Act. Utah Code Ann. § 7–9–3(7).

¶ 12 Section 7–9–20(7)(b)(ii)(A) provides that "a credit union may not extend a member-business loan to a person" unless that person is a member of the credit union. *Id.* Section 7–9–20(7)(f)(ii) extends the membership requirement of section 7–9–20(7)(b)(ii)(A) to all credit unions participating in a member-business loan. America First argues that classifying its participation as a member-business loan would make the membership requirement of section 7–9–20(7)(f)(ii) superfluous because section 7–9–20(7)(b)(ii)(A) already requires credit union membership for member-business loans.

¶ 13 We read the two sections as being complementary rather than redundant. *See Lyon v. Burton*, 2000 UT 19, ¶ 17, 5 P.3d 616 (stating that provisions of a statute should be interpreted in harmony with other provisions in the same statute). Section 7–9–20(7)(b)(ii)(A) requires credit union membership for direct loans made by a credit union, but does not address indirect loans. Section 7–9–20(7)(f)(ii) explicitly extends the membership requirement to all credit unions indirectly loaning money through a loan participation agreement. This interpretation of the statutes is in harmony with the Credit Union Act's general requirement that "[t]he capital and surplus of the credit union *shall be loaned to the members.*" Utah Code Ann.

§ 7–9–26(1) (Supp.2000) (emphasis added). While the Credit Union Act allows credit unions to invest in a variety of things, *see id.* § 7–9–26(3), it requires that loans be made to credit union members. *See id.* § 7–9–26(1). In sum, the membership requirement of the Credit Union Act applies because America First proposed to extend a member-business loan as an indirect lender. America First's proposed participation would violate the membership requirement because the borrower was not a member of America First.[3]

## CONCLUSION

¶ 14 America First's participation in the proposed loan was that of a lender. Under the Credit Union Act, the proposed loan was a member-business loan. As an indirect member-business loan, the membership requirement of the Credit Union Act applies. America First failed to meet the membership requirement. Thus, the district court correctly upheld the Department's decision not to allow America First to participate in the loan.

¶ 15 Accordingly, we affirm the decision of the district court.

¶ 16 I CONCUR: JAMES Z. DAVIS, Judge.

¶ 17 I CONCUR IN THE RESULT: GREGORY K. ORME, Judge.

---

3. Because America First's participation constitutes a member-business loan, the loan limitation provisions of the Credit Union Act also apply. Because we have already concluded that America First's participation would violate the membership requirement of the Credit Union Act, we need not discuss whether America First exceeded its lending limit. *See* Utah Code Ann. § 7–9–20(7)(b)(ii)(B), –20(7)(e) (Supp.2000).