2008 UT App 314

**FRITO–LAY and Transcontinental Insurance Company, Petitioners,**

v.

**LABOR COMMISSION and Amy C. Clausing, Respondents.**

No. 20061053–CA.

Court of Appeals of Utah.

Aug. 28, 2008.

Theodore E. Kanell and John H. Romney, Salt Lake City, for Petitioners.

Alan L. Hennebold, Salt Lake City, for Respondent Labor Commission.

Gary E. Atkin and K. Dawn Atkin, Salt Lake City, for Respondent Amy C. Clausing.

Before Judges GREENWOOD, THORNE, and DAVIS.

## OPINION

DAVIS, Judge:

¶ 1 Petitioners Frito–Lay and Transcontinental Insurance Company (collectively, Frito–Lay) seek review of the Utah Labor Commission Appeals Board's (the Board) October 23, 2006 order dismissing Frito–Lay's motion for relief under rule 60(b) of the Utah Rules of Civil Procedure. *See generally* Utah R. Civ. P. 60(b). We reverse.

## BACKGROUND

¶ 2 Amy C. Clausing was injured in March 1999 while working for Frito–Lay. In February 2001, Clausing filed an application for workers' compensation benefits, requesting temporary total disability benefits and payment for medical expenses. Clausing thereafter amended her application to seek permanent partial disability benefits and payment for recommended medical care for knee, elbow, and lumbar spine injuries. The parties settled these claims at a January 2002 hearing, and an administrative law judge (the ALJ) issued an order reflecting the parties' agreement (the October 2002 Order). The October 2002 Order reflected an award of permanent partial disability benefits based on an 8.5% impairment rating and ordered payment of Clausing's claimed medical expenses, but did not address temporary total disability. At the time of the October 2002 Order, Clausing was working and had been paid benefits for all periods of time that she had not been able to work.

¶ 3 In July 2003, Clausing filed a second application for benefits, again claiming knee, elbow, and lumbar spine injuries arising from the March 1999 incident and adding new claims relating to her neck and a stroke. Clausing sought permanent partial disability benefits, payment for medical expenses, interest, and temporary total disability benefits for "dates missed after surgeries or for treatment prior to MMI."[1] Clausing had been employed at various times since 1999, and MMI occurred prior to April 2004.

¶ 4 On stipulation of the parties, the claims were submitted to a medical panel, which determined that the new neck injury and stroke claims were not related to the March 1999 incident. On February 10, 2005, an ALJ entered into the record the parties' stipulation as to Clausing's work history for the period between March 1999 and June 2004, including the various wages she earned during the periods she was able to work (the Stipulation).

¶ 5 On September 23, 2005, the ALJ issued an order addressing Clausing's new claims (the September 2005 Order). Along with other relief, Clausing was awarded temporary total disability benefits in the amount of $487.00 per week for the period of March 1999 through June 2004, subject to offset for any such amounts previously paid. However, the September 2005 Order failed to explicitly exclude those stipulated weeks that Clausing worked or was able to work. Frito–Lay did not file a motion for any type of agency review of the September 2005 Order.

¶ 6 On December 1, 2005, Clausing made a demand on Frito–Lay for payment of $123,061.20 in temporary total disability payments pursuant to her literal reading of the September 2005 Order. Frito–Lay, knowing that Clausing's demand was contrary to the Stipulation, refused to pay the claimed amount. Clausing later increased her demand to $183,561.85 to include the full amount of interest due on the previously claimed award. On December 21, 2005, Frito–Lay filed a motion with the ALJ, seeking relief from the temporary total disability provisions of the September 2005 Order pursuant to rule 60(b) of the Utah Rules of Civil Procedure. *See generally* Utah R. Civ. P. 60(b). In an affidavit in response to Frito–Lay's rule 60(b) motion, Clausing's counsel stated that she realized that Clausing's interpretation of the September 2005 Order "was not in keeping with the Stipulation." Nevertheless, the ALJ denied Frito–Lay's motion, ruling that Frito–Lay "filed [its rule 60(b)] motion 90 days after the entry of the final order [on September 23, 2005]" and that there were "insufficient grounds" to establish the existence of mistake, surprise, or excusable neglect warranting relief under rule 60(b) because Frito–Lay "failed to return telephone calls to [Clausing's] counsel and grossly neglected to request relief from the [September 2005 Order] by way of appeal within the 30 days allowed by law and rule."

¶ 7 Frito–Lay requested that the Board review the ALJ's denial of its rule 60(b) motion. The Board dismissed Frito–Lay's motion without a hearing, basing its decision not on Frito–Lay's failure to establish grounds for relief under rule 60(b), but on the grounds that rule 60(b) is not cognizable in Labor Commission proceedings. Specifi-

---

**1.** MMI is an acronym for maximum medical improvement.

cally, the Board ruled that the issue was governed by the Utah Administrative Procedures Act (UAPA), *see* Utah Code Ann. §§ 63–46b–0.5 to –23 (2004 & Supp.2007); that UAPA does not expressly incorporate rule 60(b) as applicable to agency proceedings; that UAPA does expressly allow for full substantive review of ALJ decisions by review requested within thirty days of the decision; and that Frito–Lay waived any right to relief when it failed to request review within thirty days of the September 2005 Order. Accordingly, the Board dismissed Frito–Lay's motion and struck the ALJ's order addressing the merits of the motion. However, in doing so, the Board noted that the ALJ's decision "may have awarded excessive temporary total disability compensation to ... Clausing." Frito–Lay now seeks review of the Board's decision.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 8 Frito–Lay challenges the Board's determination that Frito–Lay's rule 60(b) motion, filed three months after the entry of the September 2005 Order, was not an available avenue of relief from the September 2005 Order. The scope of our review is governed by UAPA, and we may grant relief in these circumstances only if the Board "has erroneously interpreted or applied the law." *Id.* § 63–46b–16(4)(d) (2004); *see also Crosland v. Board of Review of Indus. Comm'n*, 828 P.2d 528, 529–30 (Utah Ct.App.1992). Thus, we review the Board's statutory interpretation for correctness. *See Eastern Utah Broad. v. Labor Comm'n*, 2007 UT App 99, ¶ 5, 158 P.3d 1115.

## ANALYSIS

¶ 9 At issue here is whether a party may seek relief from a final administrative order under rule 60 of the Utah Rules of Civil Procedure. The Board concluded that rule 60(b) is not applicable to agency proceedings. We disagree. The Board equated the right under rule 60(b) with the right to appeal the ALJ's decision. However, the two rights are distinct, and the unavailability of one does not preclude the availability of the other. Further, the discovery rule applies under the facts of this case.

### I. Rule 60

¶ 10 Clausing contends that UAPA precludes the use of rule 60 in Labor Commission cases, relying on two statutes regarding internal appellate review and requests for reconsideration—sections 63–46b–12 and 63–46b–13 of the Utah Code, respectively. An examination of these statutes and Commission rules reveals, however, that rule 60 provides the Board with the power to correct the amount of Clausing's award.

■ ¶ 11 The review statute, Utah Code section 63–46b–12, merely grants administrative agencies the power to have internal appellate review of ALJ orders, as long as requests for such reviews are filed within thirty days and meet other procedural requirements. *See* Utah Code Ann. § 63–46b–12(1) (2004). Similarly, the request for reconsideration statute, Utah Code section 63–46b–13, merely grants aggrieved parties a method of review of an ALJ's order "[w]ithin 20 days after the date that an order is issued *for which review by the agency or by a superior agency under [s]ection 63–46b–12 is unavailable*, and if the order would otherwise constitute final agency action." *Id.* § 63–46b–13(1)(a) (emphasis added). That is, if an administrative agency does not utilize the power granted to it under the review statute and does not have a procedural mechanism to request review of an ALJ's order within thirty days, a party has twenty days to file a request for reconsideration with that agency.

■ ¶ 12 Section 63–46b–13 does not apply to actions before the Board because the Labor Commission has opted to provide for an agency review of its ALJs' orders, *see* Utah Code Ann. § 34A–1–303 (2005); Utah Admin. Code R602–2–1(M). And although section 63–46b–12 is applicable because the Labor Commission's rules allow agency review, we see nothing in that statute that would prohibit modification of an order under rule 60. Thus, sections 63–46b–12 and 63–46b–13 do not preclude the application of rule 60 in cases before the Labor Commission.

## A. Rule 60(a)

¶ 13 Throughout these proceedings, the parties have alluded, either directly or indirectly, to the application of rule 60(a). On March 4, 2004, Frito–Lay filed a rule 60(a) motion to correct the maximum rate for the March 1999 workplace accident from one amount to another, lower amount. In response, Clausing "agree[d] that the proper . . . maximum rate" was the lower amount but questioned whether "it [was] proper to correct the previous Order over a year after the Order was entered." Clausing never argued that rule 60(a) was inapplicable to adjudicative proceedings. The ALJ did not directly rule on the motion, instead he entered the Stipulation into the record. And in her memorandum opposing Frito–Lay's 2005 motion for relief, Clausing raised the issue of whether the ALJ would have the power to correct the amount of Clausing's award under rule 60(a). On appeal to this court, Frito–Lay contends that this amount was a clerical error that the ALJ should have corrected. While the Board and the parties on appeal focus on rule 60(b), we believe rule 60(a) may also be applicable.

¶ 14 Although not holding rule 60(a) applicable to administrative proceedings, the Utah Supreme Court stated in *Thomas A. Paulsen Co. v. Industrial Commission*, 770 P.2d 125 (Utah 1989), that in administrative proceedings a "useful analogy may be made to Utah Rule of Civil Procedure 60(a)," where courts "have drawn a distinction between clerical errors, which a court may correct, and judicial errors, which it may not." *Id.* at 130 (internal quotation marks omitted). "The distinction between a judicial error and a clerical error does not depend upon who made it. Rather, it depends on whether it was made in rendering the judgment or in *recording* the judgment as rendered." *Richards v. Siddoway*, 24 Utah 2d 314, 471 P.2d 143, 145 (1970) (emphasis added); *see also Stanger v. Sentinel Sec. Life Ins. Co.*, 669 P.2d 1201, 1206 (Utah 1983) ("[I]t matters little whether an error was made by the court clerk, the jury foreman, counsel, a party, or the judge himself, so long as it is clearly a formal error that should be corrected in the interest of having judgment, order, or other part of the record reflect what was done or intended." (internal quotation marks omitted)).[2]

¶ 15 In *Career Service Review Board v. Utah Department of Corrections*, 942 P.2d 933 (Utah 1997), the Utah Supreme Court held that the review board "retained jurisdiction and had the inherent authority to reconsider and modify its [previous order] in light of subsequently discovered facts." *Id.* at 946. "[I]nherent in the power to make an administrative decision is the authority to reconsider a decision." *Id.* at 945 (internal quotation marks omitted). "Every tribunal has some power to correct its own mistakes." *Id.* (internal quotation marks omitted). Administrative agencies in Utah "have the power to reconsider their decisions in the absence of statutory provisions to the contrary." *Id.* A belatedly discovered error in the amount of Clausing's award, which error both parties concede occurred, constitutes a subsequently discovered factual mistake well within the power of the ALJ to correct.

¶ 16 In *Stanger v. Sentinel Security Life Insurance Co.*, 669 P.2d 1201 (Utah 1983), "[t]he jury returned special verdicts with damages of $27,016.40 to" the two plaintiffs,

---

**2.** A clerical error exists when without evident intention one word is written for another, when the statement of some detail is omitted the lack of which is not a cause of nullity, or when there are mistakes in proper names or amounts made in copying but which do not change the general sense of a record; a mistake in copying; a mistake in copying or writing; a mistake of a clerk in writing; a mistake in copying or transcribing a written instrument; a mistake which naturally excludes any idea that its insertion was made in the exercise of any judgment or discretion, or in pursuance of any determination; an error made by a clerk or by a transcriber; an error of a clerk or subordinate officer in transcribing or entering an official proceeding ordered by another; an error which appears to be such on the face of an instrument, and the nature of which is ascertainable from the instrument itself; an error made by a clerk in transcribing, or otherwise, which must be apparent on the face of the record, and capable of being corrected by reference to the record only. *Frost v. District Court of First Judicial Dist.*, 96 Utah 106, 83 P.2d 737, 739–40 (1938) (internal quotation marks omitted).

resulting in "a total of $54,032.80. That amount was intended to be the total of the four items listed in [the] defendants' Exhibit D–73," a letter by the defendant's accountant sent to the defendant's counsel "explaining the items [the defendant] had withheld from [the plaintiffs'] commissions." *Id.* at 1203. However, the letter accidentally "omitted the contested promissory note in the sum of $7,000.00." *Id.* at 1204. Deeming the omission and the resulting calculation clerical error, the supreme court "instruct[ed] . . . the district court to correct the incorrect total amount of judgment, where the mistake [was] clear from the record, [to] reflect[ ] no more than what [the] plaintiffs [we]re entitled to under the verdict." *Id.* at 1206–07. Thus, our case law and the facts and circumstances of this case support both the use of rule 60(a) in cases before the Commission and our conclusion that the accidental inclusion of days that Clausing worked was a clerical error because it resulted in a miscalculation of the total award.

## B. Rule 60(b)

▮▮▮▮▮ ¶ 17 On December 21, 2005, Frito–Lay filed a motion seeking relief from the award in accordance with rule 60(b)(1).[3] In its motion, Frito–Lay explained the procedural history of the case, which it argued supported its contention that "neither party understood . . . the [September 2005] Order to require payment of $487 per week for each week in th[e] time period [between March 18, 1999 and June 10, 2004]." We agree.

¶ 18 In *Bowen Trucking v. Public Service Commission,* 559 P.2d 954 (Utah 1977), the Public Service Commission had "expressed the view that Rule 60(b)(7) . . . could be utilized to prevent an inequity, which would result, if the matter were not reopened."[4] *Id.* at 955. Our supreme court agreed, stating that "[t]o hold otherwise would seem to eliminate the possibility of the Commission correcting inadvertences or errors at a later time as the statute provides." *Id.* at 956 (footnote omitted); *see also Career Serv. Review Bd.,* 942 P.2d at 949 (Howe, J., dissenting) ("There are a few narrow exceptions [to the rule that a district court may not amend its final judgment], such as a timely motion under rule 60(b). . . . This same limitation on district courts would apply to administrative agencies.").

¶ 19 Addressing the merits of the rule 60(b) motion, the ALJ ruled that Frito–Lay was not entitled to relief because it "failed to return telephone calls to [Clausing]'s counsel and grossly neglected to request relief from the [September 2005 Order] by way of [timely] appeal . . . if [Frito–Lay's counsel] in fact was confused by the amended order itself."[5]

---

**3.** A rule 60(b)(1) motion "shall be made within a reasonable time and . . . not more than 3 months after the . . . order . . . was entered." Utah R. Civ. P. 60(b). "Under rule 60(b), a reasonable time 'depends upon the facts of each case, considering such factors as the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.' " *Menzies v. Galetka,* 2006 UT 81, ¶ 65, 150 P.3d 480 (quoting *Gillmor v. Wright,* 850 P.2d 431, 435 (Utah 1993)). The reasonable time requirement is generally satisfied if the moving party shows that it " 'acted diligently once the basis for relief became available, and that the delay in seeking relief did not cause undue hardship to the opposing party.' " *Id.* (quoting *Workman v. Nagle Constr., Inc.,* 802 P.2d 749, 752 (Utah Ct.App. 1990)). Given that the ALJ made a factual finding that Frito–Lay's rule 60(b) motion "was [filed on] the 90th day past the entry of the final order," and given that Clausing makes no contention that Frito–Lay lacked diligence in acting after Clausing made her demand for $123,061.20 on December 1, 2005 or that she would suffer unjust hardship by receiving an award limited to the time she was unable to work, we deem Frito–Lay's motion to have been filed within a reasonable time, not more than three months after the September 2005 Order was entered.

**4.** "[T]here is now no rule 60(b)(7) in the Utah Rules of Civil Procedure. Current subsection (6) was previously numbered as subsection (7), until a 1998 amendment to the rule eliminated former subsection (4), at which time the former subsection (7) became the current subsection (6)." *Oseguera v. Farmers Ins. Exch.,* 2003 UT App 46, ¶ 6 n. 8, 68 P.3d 1008.

**5.** Additionally, the ALJ determined that "it would be unjust for the [September 2005 Order] to be set aside at this time" because of Frito–Lay's counsel's actions after the order was issued. But such logic would result in imposing a de facto sanction of tens of thousands of dollars on Frito–Lay because Frito–Lay's counsel failed to return phone calls and faxes from opposing counsel while on Thanksgiving vacation, and thereby award Clausing temporary permanent disability for time periods when she was able to, and in fact did, work.

However, this ruling was based on the assumption that Frito–Lay argued that its confusion regarding the September 2005 Order's total amount of disability payments constituted mistake, surprise, or excusable neglect. Rather, Frito–Lay's argument was that it was a mistake to include days which Clausing admitted to have worked in her December 2005 demands for payment because, prior to the demand, "neither party understood this portion of the [September 2005] Order to require payment ... for each week in this time period." *Cf. Fisher v. Bybee*, 2004 UT 92, ¶ 12, 104 P.3d 1198 ("[T]he term 'mistake,' as used in rule 60(b)(1), has general application to the activities of counsel and parties, but seldom extends to judicial decisions.... Those afflicted by these circumstances are also best suited to explain them to a court in a motion for relief under rule 60(b)(1).").

▮ ¶ 20 Further, the purpose of rule 60(b) is to avoid unnecessary appeals when errors can easily be corrected by the fact finder. It defeats the purpose of rule 60(b) to foreclose the option of seeking relief under the rule when the Board and Clausing admit that the current award is unjustified due to the inclusion of disability compensation for days which she worked, especially when her interpretation of the September 2005 Order became apparent only after more than thirty days had already passed. *See Menzies v. Galetka*, 2006 UT 81, ¶ 54, 150 P.3d 480 ("It is well established that 60(b) motions should be liberally granted because of the equitable nature of the rule. Therefore, a district court should exercise its discretion in favor of granting relief so that controversies can be decided on the merits rather than on technicalities." (citation omitted)). In sum, rule 60(b) is available in agency proceedings and the decisions of both the ALJ and the Board were contrary to provisions of rule 60(b).

## II. The Discovery Rule

▮ ¶ 21 Frito–Lay argues that even if rule 60 does not apply to administrative hearings, its motion may be considered a motion for agency review, *see generally Armstrong Rubber Co. v. Bastian*, 657 P.2d 1346, 1348 (Utah 1983) ("If the nature of the motion can be ascertained from the substance of the instrument, we have heretofore held that an improper caption is not fatal to that motion." (citing *Howard v. Howard*, 11 Utah 2d 149, 356 P.2d 275, 276 (1960))), which under the circumstances was timely because of the discovery rule.[6] Clausing in turn contends that the discovery rule does not apply because UAPA establishes the exclusive system of review of an ALJ's orders, and that by failing to file either a request for reconsideration within twenty days,[7] *see* Utah Code Ann. § 63–46b–13(1)(a) (2004)—had such been available—or a request for agency review within thirty days of the September 2005 Order, *see id.* § 63–46b–12(1)(a), Frito–Lay's motion is untimely. Clausing essentially argues that UAPA prohibits the correction of errors if the error is not discovered within thirty days. Yet "the legislature has directed that workers' compensation proceedings are not to be burdened with technicalities but are to be conducted so as to protect the substantial rights of the parties within the spirit of the workers' compensation statutes." *Thomas A. Paulsen Co. v. Industrial Comm'n*, 770 P.2d 125, 130 (Utah 1989).

▮ ¶ 22 Under the discovery rule, "the limitations period does not begin to run until the discovery of facts forming the basis for the cause of action." *Myers v. McDonald*, 635 P.2d 84, 86 (Utah 1981). There are three judicially recognized situations where the discovery rule applies:

"(1) in situations where the discovery rule is mandated by statute; (2) in situations where the plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct;

---

6. Frito–Lay did not discover Clausing's miscalculation of the award until December 1, 2005. Thus, using the discovery rule to calculate the tolling period, Frito–Lay's motion was within the thirty-day time period for a motion for agency review, *see* Utah Code Ann. § 63–46b–12(1) (2004).

7. Even if section 63–46b–13(1)(a) applied to matters before the Labor Commission, nothing in the plain language of that statute precludes application of the discovery rule.

and (3) in situations where the case presents exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action."

*Colosimo v. Roman Catholic Bishop*, 2004 UT App 436, ¶ 20, 104 P.3d 646 (quoting *Burkholz v. Joyce*, 972 P.2d 1235, 1237 (Utah 1998)), *aff'd*, 2007 UT 25, 156 P.3d 806. Clearly, the third situation applies here. The parties and the Board agree that the failure to specifically exclude stipulated worked days resulted in an award exceeding Clausing's entitlement by tens of thousands of dollars.

¶ 23 Frito–Lay had already made the threshold showing that it neither contemplated nor was aware that the ALJ's order would be construed to include days that Clausing worked, the "prerequisite to reliance on any version of the discovery rule, judicial or legislative." *See O'Neal v. Division of Family Servs.*, 821 P.2d 1139, 1144 (Utah 1991). More importantly, Frito–Lay could not have reasonably discovered that Clausing would demand awards for days that she admitted that she was able to or did work until *after* Clausing made such demands. *See generally Colosimo*, 2007 UT 25, ¶ 19, 156 P.3d 806 (" '[A]n initial showing must be made that the plaintiff did not know and could not reasonably have discovered the facts underlying the cause of action in time to commence an action within [the limitations period].' " (quoting *Burkholz*, 972 P.2d at 1237)). Thus, Frito–Lay is entitled to invoke the discovery rule, and review of the erroneous award was timely sought.

## CONCLUSION

■ ¶ 24 The Board improperly determined that rule 60(b) of the Utah Rules of Civil Procedure is not applicable in agency proceedings and that the motion invoking rule 60(b) was an attempted substitute for an appeal of the ALJ's decision.[8] Administra-

tive agencies can and should utilize rule 60(a) and (b) to correct obvious clerical errors to avoid lengthy and costly appeals. Further, to the extent the Board could have characterized Frito–Lay's motion as a motion for reconsideration or appeal, it should have applied the discovery rule. Because Frito–Lay did not discover Clausing's error until December 1, 2005, the motion was timely. Therefore, we reverse the Board's denial of Frito–Lay's rule 60 motion and remand with instructions to correct the error of omitting a reference to the Stipulation and to recalculate Clausing's award to include no more that what she was entitled to under the terms of the Stipulation.

¶ 25 I CONCUR: PAMELA T. GREENWOOD, Presiding Judge.

THORNE, Associate Presiding Judge (dissenting):

¶ 26 I respectfully dissent from the analysis and result reached by the majority opinion. The question before us is whether a party to an agency proceeding may seek relief from a final administrative order under rule 60(b) of the Utah Rules of Civil Procedure. *See* Utah Code Ann. § 63–46b–12(1)(a) (2004) (allowing a party to seek agency review, in accordance with statute or agency rules, by filing a written request for review within thirty days of the issuance of an agency order); Utah R. Civ. P. 60(b) (allowing courts to grant relief from a judgment or order on certain grounds and upon motion made within a reasonable time, not to exceed three months in certain circumstances). The Board concluded that rule 60(b) is not applicable to agency proceedings, a decision that I believe to be within the Board's authority and discretion. Accordingly, I would adopt the Board's reasoning and affirm the decision below.

### I.  Rule 60(a)

¶ 27 My first disagreement with the majority opinion is that it, in part, treats the award

---

8.  We reiterate that a rule 60(b) motion cannot be used to circumvent time limits for review as a de facto direct appeal of the underlying judgment. *See, e.g., Franklin Covey Client Sales, Inc. v. Melvin*, 2000 UT App 110, ¶¶ 21–25, 2 P.3d 451. Granting Frito–Lay's 60(b) motion would not be

a de facto direct appeal on the underlying judgment. Rather, it would simply recalculate Clausing's award to exclude days she admitted that she was able to, and did, work. It would not alter the underlying finding that Clausing was entitled to an award at all.

of temporary total disability compensation to Clausing as a clerical mistake addressable under rule 60(a) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 60(a) (*"Clerical mistakes* in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party . . . ." (emphasis added)). Frito–Lay concedes that it did not invoke rule 60(a) below, stating in its appellate brief that its "motion for relief, though designated as a 'Rule 60' motion, should likewise be considered according to its content. Its content makes it akin to a Rule 60(b) motion. . . ."

¶ 28 Even if Frito–Lay had sought relief under rule 60(a), I do not believe that the alleged error in the September 2005 Order can be fairly characterized as a clerical mistake; if it is error, it is clearly a substantive misapplication of the law, i.e., judicial error. *See Thomas A. Paulsen Co. v. Industrial Comm'n,* 770 P.2d 125, 130 (Utah 1989) ("A clerical error is one made in recording a judgment that results in the entry of a judgment which does not conform to the actual intention of the court. On the other hand, a judicial error is one made in rendering the judgment and results in a substantively incorrect judgment."). The error appears to have been made in reaching the judgment, not in simply recording it. *See generally Frost v. District Court of First Judicial Dist.,* 96 Utah 106, 83 P.2d 737, 739–40 (1938) (describing in great detail the type of transcription errors that will qualify as "clerical error"). Since there is no indication that the order does not reflect the ALJ's intent at the time the order was issued, rule 60(a) should not be applicable.

¶ 29 I must also disagree with two other aspects of the majority's rule 60(a) analysis. First, the majority asserts that the error in the September 2005 Order is merely "[a] belatedly discovered error in the amount of Clausing's award, which both parties conceded occurred," *see supra* ¶ 15. The error is not merely in the amount of Clausing's award, but in the rationale employed by the ALJ to reach that amount. And, to the extent that Clausing concedes error in the award, she characterizes it as "significant judicial error" rather than a "factual mistake well within the power of the ALJ to correct," *see supra* ¶ 15, as asserted by the majority. Second, I disagree with the majority's implication that agencies must use rule 60(a) as the appropriate avenue to correct clerical mistakes when they do occur. I believe the case law is quite clear that agencies have the authority to grant relief similar to that provided by rule 60(a) in appropriate circumstances but that such authority flows from an agency's inherent decision-making powers and is therefore not necessarily bound to rule 60(a) or its interpreting case law.

## II. Rule 60(b)

¶ 30 Properly addressing Frito–Lay's motion as one invoking rule 60(b), I believe that the Board acted well within its discretion in determining that the motion was not cognizable before it. Agency determinations, including the workers' compensation proceeding below, are governed by UAPA.[1] UAPA has expressly incorporated the Utah Rules of Civil Procedure in just two areas, discovery and default. *See* Utah Code Ann. § 63–46b–7(1) (2004) ("If the agency does not enact rules under this section, the parties [to a formal adjudicative proceeding] may conduct discovery according to the Utah Rules of Civil Procedure."); *id.* § 63–46b–11(3)(a) (allowing parties to seek to set aside an agency default "by following the procedures outlined in the Utah Rules of Civil Procedure").

¶ 31 However, in other areas including the substantive review of agency orders, UAPA adopts procedures that are unique to the agency context and grants considerable discretion to agencies to implement those procedures. Under UAPA, a party may seek review of a workers' compensation order by filing a written request for agency review, in a manner to be determined by the agency, within thirty days of the order's issuance. *See id.* § 63–46b–12(1)(a) (allowing agencies

---

1. The Board noted that workers' compensation proceedings are also governed by both the Utah Labor Commission Act, *see* Utah Code Ann. §§ 34A–1–101 to –409 (2005 & Supp.2007), and the Workers' Compensation Act, *see id.* §§ 34A–2–101 to –905 (2005 & Supp.2007).

to develop a review procedure to be initiated by review request within thirty days after issuance of an order); *see also id.* § 34A–1–303(1) (2005) ("A decision entered by an [ALJ] under this title is the final order of the commission unless a further appeal is initiated ....."); *id.* § 34A–2–801(2) (Supp.2007) (rendering a workers' compensation ALJ's order final if agency review is not requested within thirty days). The statutes governing review of workers' compensation orders create, in the words of the Board, a "comprehensive and integrated system that allows the parties to obtain full review and, where appropriate, complete relief from any factual or legal error that may be contained in an ALJ's decision."

¶ 32 The Board determined that Frito–Lay could properly have raised the alleged error contained in the September 2005 Order by requesting review of that order within thirty days of its issuance. However, Frito–Lay did not do so and thus waived its right to substantive review. The Board concluded that Frito–Lay, having waived its right to a substantive review of the September 2005 Order, could not achieve that very review by resort to a rule of civil procedure that is not incorporated by UAPA, the Utah Labor Commission Act, or the Workers' Compensation Act. Frito–Lay raises multiple arguments in opposition to the Board's analysis, and the majority seems to accept each of Frito–Lay's arguments in reaching its conclusion. I am unconvinced by Frito–Lay's arguments.

¶ 33 First, Frito–Lay argues that Utah Code section 63–46b–13's allowance for requests for reconsideration of orders otherwise unreviewable under section 63–46b–12 demonstrates that requests for agency review under section 63–46b–12 are not the only permissible post-order motions. *See id.* § 63–46b–13 (2004). However, sections 63–46b–12 and –13 address two different sets of orders. Section 63–46b–12 governs the review of orders where a statute or agency rule

expressly permits the parties to seek review of that order, *see id.* § 63–46b–12, while section 63–46b–13 permits reconsideration of final orders for which there is no express statutory or rule authorization for review, *see id.* § 63–46b–13. Thus, together, the two sections cover all possible final ALJ orders, those that are expressly reviewable and those that are not, and as such constitute part of the "comprehensive and integrated system" described by the Board. I am unpersuaded that the statutory expression of either one or two avenues for revisiting an ALJ order necessarily implies the existence of other, unenumerated routes, and thus, I cannot join in the majority opinion's apparent reliance on section 63–46b–13 in this case. Further, Frito–Lay did not seek agency review under either section 63–46b–12 or –13 and should not now be permitted to invoke those sections to create a new avenue of review.

¶ 34 Frito–Lay next argues that the Board's decision runs contrary to the Utah Supreme Court's statement in *Career Service Review Board v. Utah Department of Corrections,* 942 P.2d 933 (Utah 1997), that "[i]nherent in the power to make an administrative decision is the authority to reconsider a decision," *id.* at 945 (alteration in original) (quotations and citation omitted); *see also Bowen Trucking, Inc. v. Public Serv. Comm'n,* 559 P.2d 954, 956–57 (Utah 1977).[2] In a related argument, Frito–Lay asserts that the Board, by statute, retains continuing jurisdiction over cases before it and "may from time to time modify or change a former finding or order." Utah Code Ann. § 34A–2–420(1)(b) (2005). However, both the case law and section 34A–2–420 apply to situations where newly discovered facts warrant a change in an existing order. *See Career Serv. Review Bd.,* 942 P.2d at 946 ("[T]he Board retained jurisdiction and had the inherent authority to reconsider and modify its 1993 Order *in light of subsequently discovered facts.*" (emphasis added)); *Thomas A. Paulsen Co. v. Industri-*

2. The majority opinion also cites *Career Service Review Board v. Utah Department of Corrections,* 942 P.2d 933 (Utah 1997), for the proposition that rule 60(b), as an exception to the rule against the reopening of judgments, "would apply to administrative agencies." *See id.* at 949

(Howe, J., dissenting). However, the cited language is found in a dissenting opinion that is not binding precedent and is also dicta as to the applicability of rule 60(b) in agency proceedings. Accordingly, it is not dispositive here.

*al Comm'n,* 770 P.2d 125, 129–30 (Utah 1989) (applying the continuing jurisdiction statute in effect at the time and noting that the agency has "broad authority to make substantive changes in its orders *when substantial changes in the circumstances have occurred* " (emphasis added)).

¶ 35 Neither approach provides authority to demonstrate that rule 60(b) may be employed to seek modification of a final agency order in the absence of circumstances that have changed since the time of the disputed order. Here, there are no changed circumstances, simply Frito–Lay's untimely discovery of an alleged error that was plain on the face of the September 2005 Order when it was issued. I believe that the majority opinion stretches the law too far when it applies an "inherent agency power" analysis to the circumstances of this case.

¶ 36 Further, even if an agency's inherent ability to amend orders extends beyond situations where a change in factual circumstances has occurred, the Utah Supreme Court has recognized that " 'express statutory provisions' " may " 'prescribe either indefinite or fixed periods of time' " in which such relief may be sought. *See Bowen Trucking, Inc.,* 559 P.2d at 957. The time periods prescribed in Utah Code sections 63–46b–12 and –13 constitute such express limitations, and Frito–Lay did not comply with those limitations in this case. Thus, Frito–Lay waived whatever ability it may have had to invoke the agency's reconsideration powers when it failed to timely request a review of the September 2005 Order.

¶ 37 Frito–Lay next argues that agencies must be able to correct substantive errors consistent with rule 60(b) since they may in fact correct clerical errors in the manner permitted by rule 60(a). *See Thomas A. Paulsen Co.,* 770 P.2d at 129–30 (concluding, under a prior but similar statute, that agency's authority "to correct clerical errors . . . is comparable to that provided to trial courts by Utah Rule of Civil Procedure 60(a)").

This argument is unavailing for the same reason that Frito–Lay's motion should not simply be treated as one seeking relief under rule 60(a)—the alleged error in the September 2005 Order is substantive rather than clerical.

¶ 38 As noted in *Thomas A. Paulsen Co. v. Industrial Commission,* 770 P.2d 125 (Utah 1989), there is a meaningful distinction between clerical errors, which may be corrected under rule 60(a), and substantive judicial errors, which may not. "[A] judicial error is one made in rendering the judgment and results in a substantively incorrect judgment." *Id.* at 130. The error asserted by Frito–Lay is substantive rather than clerical and as such could and should have been addressed as a matter of agency review. To provide otherwise would be to allow rule 60(b) to become a substitute for a timely appeal, a result that has been soundly rejected in the context of Utah's trial courts. *See Franklin Covey Client Sales, Inc. v. Melvin,* 2000 UT App 110, ¶¶ 21–25, 2 P.3d 451 (rejecting substantive legal error as a ground for relief under rule 60(b), lest rule 60(b) become a "back door" to the untimely direct appeal of the underlying judgment); *see also Fisher v. Bybee,* 2004 UT 92, ¶ 11, 104 P.3d 1198 (expressly approving of *Franklin Covey's* rule 60(b) analysis).

¶ 39 Finally, Frito–Lay argues that its 60(b) motion was essentially a motion to reconsider,[3] timely filed within twenty days of the alleged discovery of the dispute over the proper interpretation of the September 2005 Order. *See* Utah Code Ann. § 63–46b–13(1)(a) (allowing requests for reconsideration in certain circumstances). This argument fails for several reasons.

¶ 40 First, requests for reconsideration under section 63–46b–13(1)(a) are limited to situations where "review by the agency . . . is unavailable." *Id.* In this case, the September 2005 Order was subject to a timely-requested review by the agency and thus, was not

---

3. I am not as quick as the majority to simply accept Frito–Lay's recharacterization of its motion as one to reconsider the September 2005 Order, as I believe the Utah Supreme Court has significantly limited the previously approved practice of interpreting motions based on their

substance rather than their title. *See generally Gillett v. Price,* 2006 UT 24, ¶ 8, 135 P.3d 861. However, as the supreme court has not yet expressly applied this change in policy to agency matters, I am content in this case to address and reject Frito–Lay's argument on its merits.

subject to reconsideration upon motion under section 63–46b–13. Second, the plain language of section 63–46b–13(1)(a) precludes the application of the "discovery rule" as urged by Frito–Lay. *See id.* (allowing written requests for reconsideration to be filed "[w]ithin 20 days *after the date that an order is issued*" (emphasis added)). Thus, as a motion to reconsider, Frito–Lay's motion was untimely. And finally, even if the discovery rule were applicable here, Frito–Lay's counsel's actions in failing to timely request review of the September 2005 Order do not, in my opinion, constitute the due diligence that application of the discovery rule requires. *See Colosimo v. Roman Catholic Bishop of Salt Lake City,* 2007 UT 25, ¶ 19, 156 P.3d 806 (stating that in order to invoke the discovery rule based on exceptional circumstances, " 'an initial showing must be made that the plaintiff did not know *and could not reasonably have discovered* the facts underlying the cause of action in time to commence an action within [the limitations period]' " (emphasis added) (alteration in original) (citation omitted)). For these reasons, I cannot join the majority in applying the discovery rule to allow reconsideration of the September 2005 Order.

¶ 41 In sum, I agree with the Board that UAPA does not permit review of an ALJ's decision other than as provided for in Utah Code section 63–46b–12. While that review may presumably be sought on the same grounds contemplated in rule 60(b), and perhaps on other grounds as well, the request for review must be filed within thirty days of the challenged order. In this case, Frito–Lay did not file a request for review within thirty days of the September 2005 Order. Accordingly, Frito–Lay waived its right to agency review of the September 2005 Order that was otherwise available, and the Board properly rejected Frito–Lay's attempt to circumvent section 63–46b–12's requirements by resort to rule 60(b).

¶ 42 For these reasons, I cannot agree with the majority opinion's conclusions that the September 2005 Order's temporary total disability award represents clerical error correctable under rule 60(a); that rule 60(b) presents an available avenue for the untimely review of agency decisions; or that Frito–Lay's counsel's failure to timely review the September 2005 Order and seek appropriate agency review warrants relief under the discovery rule. I therefore respectfully dissent.