2005 UT 67

**UTAH COUNTY, Plaintiff and Petitioner,**

**v.**

**George S. ALEXANDERSON and Charles H. Martin, Defendants and Respondents.**

**No. 20030516.**

Supreme Court of Utah.

Oct. 14, 2005.

M. Cort Griffin, Provo, for plaintiff.

Todd M. Shaughnessy, Tawni J. Sherman, Salt Lake City, for defendants.

NEHRING, Justice:

¶ 1 We took this case on certiorari to the Utah Court of Appeals to consider several unresolved issues concerning a petition for extraordinary relief under rule 65B of the Utah Rules of Civil Procedure. However, upon closer examination of the procedural record, we conclude that because Utah County failed to avail itself of a statutory right to direct appeal to the district court, the issues that prompted us to grant certiorari are moot. We hold that, for the reasons explained below, the rulings of the district court and court of appeals are invalid and the decision of the Career Service Council is binding.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 The matters before us in this petition concern process, not substance. The defendants were Utah County Sheriff's deputies who filed a grievance in January 1997 with the Utah County Career Service Council challenging the county's promotion procedures. The Council ruled in favor of the deputies. Shortly thereafter, Utah County filed a petition for extraordinary relief in the district court pursuant to rule 65B(d)(2)(A) of the Utah Rules of Civil Procedure.

¶ 3 Rule 65B(d)(2)(A) entitles an aggrieved party to petition the district court for extraordinary relief "where an . . . administrative agency . . . has exceeded its jurisdiction or abused its discretion." Utah R. Civ. P. 65B(d)(2)(A). Such relief is available "[w]here no other plain, speedy, and adequate remedy is available." Utah R. Civ. P. 65B(a). Following a lengthy series of motions and hearings, the trial court granted the county extraordinary relief, effectively overturning the Council's decision.

¶ 4 The deputies appealed the trial court's decision to the Utah Court of Appeals. Applying rule 65B analytical methodology, the court of appeals concluded that the trial court was too quick to substitute its judgment for the Council's and reinstated the

Council's decision. We granted Utah County's petition for certiorari to review whether the court of appeals applied the proper standard in conducting its rule 65B review, together with several related issues. However, the unexplained failure of Utah County to pursue a direct appeal to the district court leaves us convinced that we should not, and owing to jurisdictional constraints likely cannot, rule on these issues.

## ANALYSIS

### I. THIS COURT LACKS SUBJECT MATTER JURISDICTION

¶ 5 Extraordinary relief under rule 65B is available only "[w]here no other plain, speedy and adequate remedy is available." Utah R. Civ. P. 65B(a). At the time, the County Personnel Management Act, which establishes and governs county career service councils, guaranteed that following a council's final binding appeals decision, "a right of appeal to the district court under the provisions of the Utah Rules of Civil Procedure shall not be abridged." Utah Code Ann. § 17–33–4(1) (1995) (current version at Utah Code Ann. § 17–33–4(1)(a)–(d) (2001)).[1] In other words, upon receiving the Council's unfavorable ruling, Utah County could have appealed that decision to the district court.

¶ 6 The opportunity to appeal an administrative decision to the district court constitutes a plain, speedy and adequate remedy. *Crist v. Mapleton City*, 28 Utah 2d 7, 497 P.2d 633, 634 (1972). Likewise, "[a]n extraordinary writ is not a proceeding for general review, and cannot be used as such." *Anderson v. Baker*, 5 Utah 2d 33, 296 P.2d 283, 285 (1956); *see also Rammell v. Smith*, 560 P.2d 1108, 1109 (Utah 1977). Because Utah County failed to pursue its available direct appeal, and because a petition for extraordinary relief cannot be considered an alternative to appeal, its petition is invalid and no court in this state has jurisdiction to provide the requested relief.

### II. APPEAL NOW BARRED

¶ 7 While the proper procedure to challenge the Council's decision would have

---

1. We note that the applicable statute was amended in 1999 and subsequently in 2001, but offer no interpretation of the statute as amended.

been direct appeal to the district court, the time for Utah County to exercise this right has long since run. Prior to its 2001 amendment, the Act itself did not contain an explicit time limitation for appeal, but stated that the appeal would be governed by the Utah Rules of Civil Procedure. Utah Code Ann. § 17–33–4(1) (1995) (current version at Utah Code Ann. § 17–33–4(1)(a)–(d) (2001)). When the Act was passed in 1981, the Rules of Civil Procedure allowed one month after the entry of a judgment for appeal. Utah R. Civ. P. 73(h) (repealed 1985), Utah R. Civ. P. 81(d); *see also Utah Chiropractic Ass'n v. Equitable Life Assurance Soc'y*, 579 P.2d 1327 (Utah 1978).[2] However, rule 73(h) was repealed in 1985 when the Utah Rules of Appellate Procedure were adopted. Rule 73(h) was largely replaced by Utah Rule of Appellate Procedure 14(a), which provides thirty days for an appeal from an administrative decision. However, rule 14(a) only mentions appeals from administrative decisions to the Supreme Court or Court of Appeals, and is silent on appeals to the District Court, which is what the Act provides. This small gap was erased in 2001, when section 17–33–4(1) was amended to provide thirty days for an appeal. Utah Code Ann. § 17–33–4(1)(d)(ii) (2001). Also instructive is the Utah Administrative Procedures Act, which provides thirty days for appeal from a final order of a state administrative agency. Utah Code Ann. § 63–46b–12(1)(a) (2004). However, the Administrative Procedures Act is inapplicable because the Council is a county agency, and not a state agency.

¶ 8 The absence of a directly applicable statute does not mean that Utah County enjoys the right of direct appeal in perpetuity and can exercise such an appeal now, eight years following the Council's decision. Although none of these rules or statutes expressly assigned a time limit to the right to a direct appeal granted by section 17–33–4(1), the uniform appearance of a thirty-day appeal period in every plausibly applicable provision convinces us that Utah County's

right to directly appeal the Council's ruling had a thirty-day life. Counsel in 1997 looking to appeal a Council decision would unquestionably reach the same conclusion. Therefore, under the pre-amendment Act Utah County was required to perfect its direct appeal within thirty days of the date of the Council's decision of June 30, 1997. Because Utah County did not timely appeal, it forfeited its claim to extraordinary relief.

## CONCLUSION

¶ 9 Due to its failure to exhaust all available avenues of appeal, extraordinary relief is not available to Utah County. Furthermore, its right of appeal has since lapsed. Consequently, the ruling of the Utah County Career Service Council is unaffected and affirmed.

¶ 10 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice DURRANT, and Justice PARRISH concur in Justice NEHRING's opinion.

---

**2.** Rule 73(h) limits the time for appealing a judgment from a city or justice court to one month. Rule 81(d) applies the Rules of Civil Procedure to administrative proceedings, and *Utah Chiroprac-* *tic* holds that the one month period established in 73(h) is properly applied to administrative proceedings through 81(d).