2009 UT 71

**FRITO–LAY and Transcontinental Insurance Company, Petitioners,**

v.

**UTAH LABOR COMMISSION and Amy C. Clausing, Respondents.**

No. 20080818.

Supreme Court of Utah.

Nov. 3, 2009.

Theodore E. Kanell, John H. Romney, Salt Lake City, for petitioners.

Alan L. Hennebold, Salt Lake City, for respondent, Utah Labor Commission.

Gary E. Atkin, K. Dawn Atkin, Salt Lake City, for respondent, Amy C. Clausing.

DURRANT, Associate Chief Justice:

## INTRODUCTION

¶ 1 This appeal arises from Amy Clausing's claim against Frito–Lay and its insurance carrier, Transcontinental Insurance Co. (collectively, "Frito–Lay"), for temporary disability compensation under the Utah Workers' Compensation Act. It raises three issues that we must resolve: (1) whether the Utah Rules of Civil Procedure, and specifically rule 60, are applicable to administrative proceedings; (2) whether the Utah Labor Commission has statutory authority similar to the authority a district court would have under rule 60 to modify a former order; and (3) whether the court of appeals erred in addressing Frito–Lay's arguments under rule 60(a) or the discovery rule.

## BACKGROUND

¶ 2 Clausing worked for Frito–Lay as a route sales representative. On March 18, 1999, she was injured when a pallet of Frito–Lay products fell on her while she was restocking a retail store display.

¶ 3 In 2001 and 2003, she filed applications for workers' compensation benefits relating to injuries she incurred in 1999. The 2001 application resulted in a settlement agreement and subsequent award of permanent partial disability payments and medical expenses.

¶ 4 After finalizing the settlement, Clausing suffered a neck injury and a stroke, which she contended were caused by the 1999 accident. She also alleged continuing knee, elbow, and lower back pain. Thus, on July 17, 2003, she again applied for compensation for injuries relating to the 1999 accident. For purposes of adjudicating the 2003 application, the parties stipulated to facts regarding Clausing's salary and work history between 1999 and 2004.

¶ 5 On September 23, 2005, an Administrative Law Judge ("ALJ") for the Utah Labor Commission ("Commission") entered an order that included, in part, temporary total disability ("TTD") benefits. The order speci-

fied a weekly TTD benefit of $487 for the period between March 18, 1999, and June 10, 2004. Although the order provided for offsets of amounts previously paid to Clausing and incorporated the stipulation of facts, it did not specifically acknowledge the parties' stipulation that Clausing had worked during substantial portions of the period encompassed by the order. Nor did it specify offsets for time worked.

¶ 6 Neither party appealed the order before the thirty–day deadline provided by the Utah Administrative Procedures Act ("UAPA").[1] But on December 1, 2005, Clausing demanded payment for the entire period covered by the September 23 order, an award totaling $123,061.20. On December 6, 2005, Frito–Lay responded, stating that "no outstanding compensation" remained to be paid. Frito–Lay later recalculated the amount and determined it owed $4,451.18, which breaks down to $487 per week for 9.14 weeks—the number of weeks Clausing did not work between March 18, 1999, and June 10, 2004.

¶ 7 On December 20, 2005, Clausing filed an Abstract of Award, which set forth her belief that she had been awarded $183,561.85, representing 190.88 weeks at $487, plus interest. The next day, Frito–Lay filed a motion under rule 60(b) of the Utah Rules of Civil Procedure seeking relief due to surprise, mistake, and excusable neglect. Frito–Lay argued that it was entitled to relief because both parties were mistaken as to the effect of the September 23 order. Frito–Lay claimed that, in light of the stipulation, neither party anticipated the order would award payment of $487 per week for all weeks between March 18, 1999, and June 10, 2004. Further, Frito–Lay argued that, until Clausing filed her abstract of award on December 20, 2005, it did not realize that Clausing interpreted the order to require such payment.

¶ 8 In opposition to the rule 60(b) motion, Clausing argued that rule 60(a) would have been a more appropriate rule under which Frito–Lay could have sought relief because the order did not reflect the conclusion the

---

1. Utah Code Ann. § 63G–4–301(1)(a) (2008).

parties understood the ALJ to have reached at the hearing.

¶ 9 On March 17, 2006, the ALJ issued an amended order, stating that the 60(b) motion was denied because (1) there were insufficient grounds to support it; (2) under UAPA, it was an untimely appeal of the September 23 order; and (3) UAPA does not grant the Commission authority to review the 60(b) motion.

¶ 10 Frito–Lay sought further administrative review, and the Commission's Appeals Board ("Appeals Board") also dismissed Frito–Lay's rule 60(b) motion. The Appeals Board determined that rule 60(b) is not applicable to administrative proceedings before the Commission. Rather, the sole avenue for relief is found in UAPA, which specifies that review of ALJ decisions must be sought within thirty days.[2]

¶ 11 Frito–Lay appealed the Appeals Board's decision to the Utah Court of Appeals. A panel majority of the court of appeals determined that there was nothing in the applicable statutes "that would prohibit modification of an order under rule 60."[3] Rather, UAPA "merely grants administrative agencies the power to have internal appellate review of ALJ orders" within thirty days, and section 63–46b–13[4] establishes "a method of review" of an order in the absence of an established appeals process.[5] But because a rule 60 motion is distinct from a motion for review, the panel majority found "nothing in [UAPA] that would prohibit" granting relief under rule 60.[6] The panel majority also determined that "rule 60(a) may also be applicable" to the extent any omission in the

September 23 order could be viewed as a clerical error.[7] Finally, the panel majority addressed Frito–Lay's alternative argument, apparently raised for the first time on appeal, that the discovery rule should have been applied to toll the time for seeking review under Utah Code sections 63G–4–301 or –302.[8] Reasoning that Frito–Lay could not, through reasonable efforts, have discovered that Clausing would demand awards for days that she admitted she was able to or did actually work, the panel majority determined that the discovery rule tolled the filing deadline, making Frito–Lay's rule 60(b) motion a timely request for administrative review.[9]

¶ 12 Judge Thorne dissented. He first contended that the panel majority not only improperly considered rule 60(a) where Frito–Lay had not raised it as a distinct issue on appeal, but also that the majority erred in its determination that the September 23 order's omission constituted a clerical error. Then, as to the panel majority's rule 60(b) analysis, Judge Thorne noted that "UAPA has expressly incorporated the Utah Rules of Civil Procedure in just two areas, discovery and default."[10] And he recognized that "in [all] other areas including the substantive review of agency orders, UAPA [establishes] procedures that are unique to the agency context."[11] Accordingly, Judge Thorne agreed with the Appeals Board's determination that Frito–Lay had waived its available remedies under UAPA by failing to appeal within the thirty–day deadline set by UAPA.[12] He also found the cases cited by the panel majority distinguishable because they applied to "situations where newly discovered facts warrant

---

2.  Utah Code Ann. § 63G–4–301(1)(a).

3.  *Frito–Lay v. Labor Comm'n*, 2008 UT App 314, ¶ 12, 193 P.3d 665.

4.  Renumbered as Utah Code section 63G–4–302 (2008).

    On October 23, 2006, when the Appeals Board issued its decision in this matter, UAPA was codified as Title 63 Chapter 46b in the Utah Code. However, the 2008 legislature recodified UAPA as Title 63G, Chapter 4, effective May 2008. Because this recodification does not alter the provisions of UAPA that are material to this case, we cite to the current UAPA provisions.

5.  *Frito–Lay*, 2008 UT App 314, ¶ 11.

6.  *Id.* ¶ 12.

7.  *Id.* ¶¶ 13–14.

8.  *Id.* ¶¶ 21–23.

9.  *Id.* ¶ 23.

10.  *Id.* ¶ 30 (Thorne, J., dissenting).

11.  *Id.* ¶ 31 (Thorne, J., dissenting).

12.  *Id.* ¶ 36 (Thorne, J., dissenting).

a change in an existing order."[13] Finally, he disagreed that application of the discovery rule would have resulted in a timely challenge to the September 23 order.[14]

¶ 13 We granted certiorari to determine whether the court of appeals erred in holding rule 60 of the Utah Rules of Civil Procedure applicable to the Commission's adjudicative proceedings or in addressing Frito–Lay's arguments under rule 60(a) and the discovery rule.

¶ 14 We have jurisdiction to review the court of appeals' decision pursuant to Utah Code section 78A–3–102(3)(a) (2008).

### STANDARD OF REVIEW

■ ¶ 15 On certiorari, we review the decision of the court of appeals for correctness and give no deference to its legal conclusions.[15]

### ANALYSIS

¶ 16 The parties and the court of appeals agree that the legislature has not incorporated rule 60 of the Utah Rules of Civil Procedure into either UAPA or the statutes governing the Commission's administrative adjudications. Despite the legislature's decision not to incorporate rule 60, the panel majority of the court of appeals held that rule 60 is applicable in workers' compensation proceedings conducted by the Commission[16] and that the Appeals Board should have applied rule 60(a), rule 60(b), and/or the discovery rule to modify the September 23 order.[17] We address each of these holdings in turn and conclude that (1) the Utah Rules of Civil Procedure are inapplicable to administrative proceedings unless the legislature has specifically incorporated them, in whole or in part, by statute; (2) although rule 60 is inapplicable in this case, the Com-

mission has statutory authority that grants it the same substantive authority that state and local courts are granted under rule 60; and (3) the issue of whether the court of appeals erred in addressing rule 60(a) or the discovery rule is moot in light of our determination that the Commission's statutory authority is sufficient to address the merits of Frito–Lay's motion. Accordingly, we reverse the court of appeals' decision and remand this case to the Appeals Board to reconsider Frito–Lay's motion under the Commission's statutory grant of authority.

### I. THE UTAH RULES OF CIVIL PROCEDURE ARE INAPPLICABLE TO ADMINISTRATIVE PROCEEDINGS UNLESS EXPRESSLY INCORPORATED BY STATUTE

■ ¶ 17 The Utah Constitution empowers and requires this court to "adopt rules of procedure and evidence to be used in the courts of the state and ... by rule manage the appellate process."[18] Accordingly, we have promulgated the Utah Rules of Civil Procedure, among other rules, which are "the rules for the government of the courts adjudicating formal contest between adverse parties."[19] The scope of our rules is limited by the scope of the authority granted to this court by the Utah Constitution. Thus, we can apply these rules only to "the courts of the state." We are powerless to impose our court rules on proceedings outside of state and local courts.

■ ¶ 18 Administrative adjudications are such proceedings. Administrative agencies are established and governed by the Utah Legislature, which has enacted UAPA to govern the procedures of administrative adjudications.[20] In addition, the legislature has

---

13. *Id.* ¶ 34 (Thorne, J., dissenting).

14. *Id.* ¶ 40 (Thorne, J., dissenting).

15. *Bear River Mut. Ins. Co. v. Wall*, 1999 UT 33, ¶ 4, 978 P.2d 460.

16. *Frito–Lay v. Labor Comm'n*, 2008 UT App 314, ¶ 10, 193 P.3d 665.

17. *Id.* ¶¶ 16, 20, 23.

18. Utah Const. art. VIII, § 4.

19. *Entre Nous Club v. Toronto*, 4 Utah 2d 98, 287 P.2d 670, 672 (1955).

20. Utah Code Ann. § 63G–4–102(1)(a) (2008) (stating that UAPA governs state agency action).

prescribed by statute specific procedures applicable only to certain agencies.[21] And the legislature has given some agencies discretion to promulgate supplemental rules governing their own adjudications.[22] In the event that the legislature and the administrative agency are both silent as to the procedure that governs a particular situation, we still may not impose our rules to fill the gap. Our limited jurisdiction prevents us from doing so. Thus, our rules can only apply to administrative adjudications if "the governing statute or regulations so provide." [23]

■ ¶ 19 We recognize that some of our broad past statements may have caused some confusion regarding this issue. For example, in *Utah County v. Alexanderson*, we stated that "[r]ule 81(d) [of the Utah Rules of Civil Procedure] applies the Rules of Civil Procedure to administrative proceedings." [24] We take this opportunity to clarify this and related statements. Rule 81(d) provides only that the Utah Rules of Civil Procedure "shall apply to the practice and procedure in *appealing from or obtaining a review* of any order, ruling or other action of an administrative board or agency." [25] This rule does nothing more than reiterate the constitutional mandate that our court establish the rules of procedure for courts to follow in reviewing such administrative actions.[26] Once a litigant has exhausted her administrative remedies and seeks review in a state court, then the constitution empowers us to determine the procedures by which that review is governed. Therefore, despite the broad language in some of our past opinions, rule 81(d) does not apply the Utah Rules of Civil Procedure to administrative proceedings; rather, it simply makes clear that state courts reviewing administrative cases are governed by our rules of procedure.

¶ 20 Despite the limited reach of our rules of civil procedure, the court of appeals determined that "rule 60 provides the Board with the power to correct the amount of Clausing's award." [27] The court of appeals reached this conclusion after determining that nothing in UAPA or the Workers' Compensation Act "prohibit[s] modification of an order under rule 60." [28] Accordingly, the court of appeals' analysis reflects the incorrect assumption that the Utah Rules of Civil Procedure apply to administrative proceedings unless the rules are in conflict with a procedure established by statute.

¶ 21 Frito–Lay, in its argument to affirm the court of appeals' opinion, essentially abandons the argument that the Appeals Board should have applied rule 60. Rather, Frito–Lay contends that we should affirm the court of appeals' opinion on other grounds—specifically, on the ground that the Commission had statutory authority to correct its own mistakes after the appeal deadline had passed. While noting that "[n]othing in Rule 60, as it applies in this case, is inconsistent with the UAPA, the Utah Code, or established Labor Commission regulations," Frito–Lay contends that, regardless, the Workers' Compensation Act grants the Commission "much broader" discretion to correct mistakes than rule 60 gives district courts. We agree.

---

21. *See, e.g.*, Utah Code Ann. § 34A–2–420 (2005) (setting procedures specific to Labor Commission adjudications); *see also Utah Chiropractic Ass'n v. Equitable Life Assurance Soc'y*, 579 P.2d 1327, 1328 (Utah 1978) (recognizing that the Insurance Code governs procedures for administrative adjudications).

22. *See State v. Briggs*, 2008 UT 83, ¶ 14, 199 P.3d 935 (stating that the legislature may delegate to an agency the power to make administrative procedural rules).

23. *Pilcher v. Utah Dep't of Soc. Servs.*, 663 P.2d 450, 453 (Utah 1983).

24. 2005 UT 67, ¶ 7 n. 2, 123 P.3d 414 (applying the rule 73(h) time limit for an appeal to an appeal from an administrative decision).

25. Utah R. Civ. P. 81(d) (emphasis added).

26. *See, e.g.*, *Utah Chiropractic Ass'n*, 579 P.2d at 1329 (applying the Utah Rules of Civil Procedure to determine the time limit for appealing from a final administrative determination).

27. *Frito–Lay v. Labor Comm'n*, 2008 UT App 314, ¶ 10, 193 P.3d 665.

28. *Id.* ¶ 12.

## II. THE LABOR COMMISSION HAS STATUTORY AUTHORITY TO CORRECT ERRORS IN AN ORDER AFTER THE TIME TO FILE AN APPEAL HAS EXPIRED

■ ¶ 22 The Appeals Board determined that it lacked authority to modify an order after the deadline to appeal the order had passed. It stated, "UAPA, the Labor Commission Act, and the Utah Workers' Compensation Act ... do not authorize Frito–Lay's attempt to use Rule 60(b), U.R.C.P., as a method of obtain[ing] relief from [the September 23 order]." Although the Appeals Board was correct that rule 60 is not a source for this authority, we disagree with the assertion that the Labor Commission lacked authority to grant Frito–Lay the relief it sought. The Workers' Compensation Act expressly gives the Labor Commission broad authority to review Commission orders, and this authority is not only equivalent to but, indeed, exceeds the authority that district courts have through rule 60 of the Utah Rules of Civil Procedure.[29]

¶ 23 As the Appeals Board correctly recognized, section 63G–4–301 of UAPA requires a party seeking review of an ALJ's decision to file a written request for review within thirty days in accordance with applicable statutes or agency rules.[30] The statutes applicable to Commission decisions are the Labor Commission Act[31] and the Workers' Compensation Act.[32] The Labor Commission Act provides that decisions issued by Commission ALJs are subject to review by either the Commissioner or the Appeals Board.[33] It also provides that an ALJ's decision is final "unless a further appeal is initiated: (a) under this title; and (b) in accordance with the rules of the commission governing the review."[34] The Workers' Compensation Act further mandates that such appeals must be filed within thirty days of the issuance of the decision.[35] Because, according to the Appeals Board, this statutory scheme constitutes "a comprehensive and integrated system," the Commission lacks authority to review a case according to the type of procedures found in rule 60.

■ ¶ 24 But the Appeals Board failed to consider that it has been granted continuing jurisdiction in section 34A–2–420 of the Workers' Compensation Act. In that section, the legislature made "[t]he powers and jurisdiction of the commission over each case ... continuing" and indicated that "[a]fter notice and hearing, the Division of Adjudication, commissioner, or Appeals Board ... may from time to time modify or change a former finding or order of the commission."[36] Under the Commission's interpretation, this power to modify or change an order is limited to the thirty-day period for appeals of right. But this interpretation renders the "from time to time" language meaningless. Given our obligation to read this provision in accordance with other provisions that set procedures for the review of a Commission order and to reach an interpretation that gives meaning to all the provisions,[37] we de-

29. Rule 60 is a rule of equity and provides district courts with the authority to relieve a party from a final judgment if, for example, the judgment incorporated a clerical error, or was issued as a result of inadvertence, mistake, or excusable neglect. Utah R. Civ. P. 60; *see also Menzies v. Galetka*, 2006 UT 81, ¶ 54, 150 P.3d 480 ("It is well established that 60(b) motions should be liberally granted because of the equitable nature of the rule. Therefore, a district court should exercise its discretion in favor of granting relief so that controversies can be decided on the merits rather than on technicalities." (citation omitted)).

30. Utah Code Ann. § 63G–4–301(1)(a) (2008) ("If a statute or the agency's rules permit parties to any adjudicative proceeding to seek review of an order by the agency or by a superior agency, the aggrieved party may file a written request for review within 30 days after the issuance of the order with the person or entity designated for that purpose by the statute or rule.").

31. *Id.* §§ 34A–1–101 to –1–409 (2005 & Supp. 2008).

32. *Id.* §§ 34A–2–101 to –2–205.

33. *Id.* § 34A–1–303(4)(a).

34. *Id.* § 34A–1–303(1).

35. *Id.* § 34A–2–801(3)(a).

36. *Id.* § 34A–2–420(1) (2005).

37. *Carter v. Univ. of Utah Med. Ctr.*, 2006 UT 78, ¶ 9, 150 P.3d 467 (noting that if multiple statutes "purport to cover the same subject" the court

termine that the "from time to time" language confers upon the Commission jurisdiction beyond that to review an appeal of right. Further, we find nothing within the statutory scheme that excludes the review of a decision for a clerical or other error from the authority to review decisions "from time to time."

¶ 25 Indeed, we have previously determined that the grant of continuing jurisdiction encompasses the authority that district courts have under rule 60. In *Carter v. Industrial Commission*, we stated that the Industrial Commission, the predecessor to the Commission, has "wide discretion in the exercise of its continuing jurisdiction conferred upon it," which was "no doubt given for the express purpose suggested, ... to avoid the making of excessive or inadequate awards ... if such should occur, and the evidence warrants it ... adequate power to correct the same." [38] Further, we held, "the power of the [Commission] as to its continuing jurisdiction is not limited to consideration of changes in physical condition of workmen, but is extended to [the] right to rescind, alter, or amend orders, decisions, or awards on good cause appearing therefor." [39]

¶ 26 Nearly sixty years later, in *Thomas A. Paulsen Co. v. Industrial Commission*, we reiterated our holding in *Carter.* We determined that the Commission's continuing jurisdiction provided the Commission authority "comparable to that provided to trial courts by [rule] 60(a)." [40] In *Thomas A. Paulsen Co.*, an ALJ failed to explicitly order the employer to reimburse the Workers' Compensation Fund.[41] The ALJ had made this decision at a hearing. Neither party requested review of the decision within the designated review period. Then, eight months later the Workers' Compensation Fund requested that the ALJ amend the

order in accordance with the reimbursement determination made at the hearing. We held that it was within the ALJ's authority to do so.[42] In so holding, we noted that such authority was consistent with the legislative instruction that workers' compensation proceedings were "not to be burdened with technicalities" but were "to be conducted ... to protect the substantial rights of the parties." [43]

■ ¶ 27 The case now before us is markedly similar to *Thomas A. Paulsen Co.* In the case at hand, the ALJ issued an order that both Frito–Lay and Clausing agree did not reflect the ALJ's determination at the hearing. Further, the order itself, by incorporating a stipulation detailing the weeks Clausing worked during the relevant period, indicates an intent to limit the TTD award to compensate Clausing only for time she did not work. Finally, as did the Workers' Compensation Fund in *Thomas A. Paulsen Co.*, Frito–Lay requested that the ALJ clarify the order after the deadline for review had passed. The only notable difference between *Thomas A. Paulsen Co.* and the present case is that Frito–Lay sought relief under rule 60(b), rather than simply requesting that the ALJ clarify his order. This difference is irrelevant, however, because courts are to look at the substance of a motion, not merely its title, to determine its validity.[44]

■ ¶ 28 Thus, as in *Carter* and *Thomas A. Paulsen Co.*, we again hold that the Labor Commission has broad authority to review Commission orders and that this authority, in the circumstances considered here, exceeds the authority that district courts have under rule 60 of the Utah Rules of Civil Procedure. This holding is consistent with the legislative intent not to burden with technicalities the Commission's ability to protect the substan-

"avoid[s] interpretations that will render portions of a statute superfluous or inoperative" (internal quotation marks omitted)).

**38.** 76 Utah 520, 290 P. 776, 782 (1930) (*overruled on other grounds by Moore v. Utah Technical College,* 727 P.2d 634 (Utah 1986)).

**39.** *Id.* (internal quotation marks omitted).

**40.** 770 P.2d 125, 130 (Utah 1989).

**41.** *Id.* at 126.

**42.** *Id.* at 130.

**43.** *Id.*

**44.** *Armstrong Rubber Co. v. Bastian,* 657 P.2d 1346, 1348 (Utah 1983) ("If the nature of the motion can be ascertained from the substance of the instrument, ... an improper caption is not fatal to that motion.").

tive rights of its parties[45] and to empower the Commission to prevent inadequate or excessive awards.[46]

## III. OUR HOLDING REGARDING THE LABOR COMMISSION'S CONTINUING JURISDICTION MAKES MOOT THE ISSUE OF WHETHER THE COURT OF APPEALS ERRED IN ADDRESSING RULE 60(a) AND THE DISCOVERY RULE

¶ 29 The Commission claims that Frito–Lay's rule 60(a) and discovery rule arguments were not exhausted through the administrative process, and, accordingly, the court of appeals erred in addressing them. Although the Commission frames its argument in terms of exhaustion, it is more properly understood as an issue preservation argument.

▬▬ ¶ 30 The exhaustion of administrative remedies requirement mandates that the litigant follow all of the outlined administrative review procedures prior to a state court having subject matter jurisdiction to hear the case.[47] Satisfaction of the exhaus-

tion requirement does not depend upon the issues a litigant has raised below but rather the administrative remedies the litigant has pursued.[48] There are times when a reviewing court may exercise its discretion in addressing an unpreserved issue,[49] but a reviewing court lacks jurisdiction to review an unexhausted case.[50]

¶ 31 Because Frito–Lay first sought review by the ALJ of the September 23 order and then filed for review by the Appeals Board, it exhausted its administrative remedies before seeking judicial review. Indeed, the Commission does not argue that the court of appeals lacked jurisdiction over the entire case; instead, it argues that Frito–Lay failed to raise specific issues in the administrative review, and, thereby, lost the right to have the court of appeals review those issues. This is a classic preservation argument.

▬▬ ¶ 32 The preservation doctrine provides that "issues not raised in proceedings before administrative agencies are not subject to judicial review except in exceptional circumstances."[51] Thus, a litigant may

---

**45.** *Thomas A. Paulsen Co.*, 770 P.2d at 130.

**46.** *See Carter v. Indus. Comm'n*, 76 Utah 520, 290 P. 776, 781–83 (1930).

**47.** Utah Code Ann. § 63G–4–401(1) to (2) (providing that an aggrieved party "may obtain judicial review of final agency action ... only after exhausting all administrative remedies available"); *see also Nebeker v. Utah State Tax Comm'n*, 2001 UT 74, ¶ 14, 34 P.3d 180 (stating that "parties must exhaust applicable administrative remedies as a prerequisite to seeking judicial review" (internal quotation marks omitted)).

**48.** *See Maverik Country Stores, Inc. v. Indus. Comm'n*, 860 P.2d 944, 947–48 (Utah Ct.App. 1993).

**49.** *See Angel Investors, L.L.C. v. Garrity*, 2009 UT 40, ¶ 38, 216 P.3d 944 (explaining when a reviewing court may "affirm a judgment on an *unpreserved* alternate ground" (emphasis added)); *see also Hous. Auth. v. Snyder*, 2002 UT 28, ¶ 11, 44 P.3d 724 (noting that state courts may review a subject matter jurisdiction issue even though it was never raised in the administrative proceedings).

**50.** *Hous. Auth.*, 2002 UT 28, ¶ 11 (" '[P]arties must exhaust applicable administrative remedies as a prerequisite to seeking judicial review ...' [and][w]here this precondition to suit is not satis-

fied, courts lack subject matter jurisdiction." (quoting *Nebeker*, 2001 UT 74, ¶ 14)).

But where an exception to the exhaustion requirement is met, a state court does have jurisdiction to review an unexhausted case. *Salt Lake City Mission v. Salt Lake City*, 2008 UT 31, ¶ 11, 184 P.3d 599 ("We have previously noted a number of exceptions to the exhaustion requirement in unusual circumstances. Exhaustion is not required where (1) there is irreparable injury; (2) there is a likelihood of oppression or injustice; (3) exhaustion would serve no purpose, or is futile; or (4) an administrative agency or officer has acted outside of the scope of its defined, statutory authority." (citations and internal quotation marks omitted)). These exceptions are distinct from the exceptions to the preservation requirement and further demonstrate the distinction between exhaustion and preservation. *Angel Investors*, 2009 UT 40, ¶ 38 ("We may affirm a judgment on an unpreserved alternate ground 'where the alternate ground is apparent on the record' and when 'the facts as found by the trial court are sufficient to sustain the decision of the trial court on the alternate ground.'" (quoting *Bailey v. Bayles*, 2002 UT 58, ¶ 20, 52 P.3d 1158)).

**51.** *Sullivan v. Utah Bd. of Oil, Gas & Mining*, 2008 UT 44, ¶ 14, 189 P.3d 63 (quoting *Brown & Root Indus. Serv. v. Indus. Comm'n*, 947 P.2d 671, 677 (Utah 1997)).

have exhausted her administrative remedies and properly brought an appeal to a state court but still be limited by the preservation doctrine regarding which issues she could raise before the state court.[52]

 ¶ 33 In this case, we need no longer determine whether Frito–Lay's arguments under rule 60(a) or the discovery rule were preserved. These issues have become moot. "An appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." [53]

¶ 34 Frito–Lay has argued that the discovery rule should be applied to toll the filing deadline, making Frito–Lay's motion timely.[54] But in light of our determination that the Appeals Board has continuing jurisdiction, there is no deadline to apply to Frito–Lay's motion. Accordingly, the issue has become moot.

¶ 35 Further, as we have explained that the Commission's jurisdiction to review Frito–Lay's motion does not come from rule 60, but rather from the Workers' Compensation Act, we need not parse whether Frito–Lay raised both 60(a) and 60(b) claims or merely a 60(b) claim. Rather, the Appeals Board has the discretion under its grant of continuing jurisdiction to treat Frito–Lay's motion as a motion for agency review and determine from the facts alleged whether Frito–Lay seeks relief from a clerical error. The title of Frito–Lay's motion is irrelevant, only the substance matters—that is, the facts alleged and the relief sought.

¶ 36 Accordingly, we do not determine the question of whether the court of appeals erred in addressing Frito–Lay's arguments under rule 60(a) and the discovery rule because we determine that the Appeals Board has sufficient authority under the Workers' Compensation Act to address the claims that Frito–Lay raised in its Motion for Relief From Judgment.

## CONCLUSION

¶ 37 Because the legislature has not incorporated rule 60 into Labor Commission adjudications, we determine that rule 60 is inapplicable to those proceedings. But we determine that the Commission has authority under the grant of continuing jurisdiction in the Workers' Compensation Act to address claims that state courts would address under rule 60. In light of this authority, we reverse the court of appeals' decision and we remand this case to the Commission's Appeals Board to determine, in its discretion, whether to consider the substance of Frito–Lay's Motion for Relief From Judgment.

¶ 38 Chief Justice DURHAM, Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice DURRANT's opinion.

---

**52.** *See ABCO Enters. v. Utah State Tax Comm'n,* 2009 UT 36, ¶¶ 9–11, 211 P.3d 382 (explaining the three situations, two of which are administrative, in which the preservation doctrine applies).

**53.** *Richards v. Baum,* 914 P.2d 719, 720 (Utah 1996) (internal quotation marks omitted).

**54.** *See Myers v. McDonald,* 635 P.2d 84, 86 (Utah 1981) (indicating that the purpose of the discovery rule is to toll the statute of limitations).