2011 UT 13

**Ricky ANGILAU, Petitioner and Appellant,**

v.

**Sheriff James M. WINDER, Respondent and Appellee.**

No. 20090677.

Supreme Court of Utah.

March 1, 2011.

Ronald J. Yengich, Earl G. Xaiz, Elizabeth Hunt, Salt Lake City, for petitioner.

Lohra L. Miller, David A. Johnson, Salt Lake City, for respondent.

Susan Eisenman, Salt Lake City, for amicus curiae The Division of Juvenile Justice Services.

Associate Chief Justice DURRANT, opinion of the Court:

## INTRODUCTION

¶ 1 At the age of sixteen, Appellant, Ricky Angilau, was charged as an adult in the district court with several crimes, including murder. Immediately following his arrest, Mr. Angilau was detained in a juvenile detention facility. After three months in the juvenile facility, he was transferred to an adult detention center where he has remained awaiting trial. In this appeal, Mr. Angilau argues that incarcerating him as a child in the adult detention center violated both the Utah Code and the state and federal constitutions.

¶ 2 Following oral argument in this case, but before this opinion was issued, the Utah Legislature amended relevant statutes regarding the pretrial incarceration of children in adult facilities.[1] Additionally, since oral argument Mr. Angilau has turned eighteen years of age and has become an adult under Utah law.

¶ 3 As a result of these changes, Mr. Winder contends that all of the issues raised by Mr. Angilau in this appeal are moot. In contrast, Mr. Angilau argues that his claims

---

1. *See* 2010 Utah Laws 38.

are not moot and that resolution of the issues he has raised may still affect his rights. He also argues, in the alternative, that even if some of his claims are moot, we should determine whether his incarceration violated the Utah Code or the unnecessary rigor clause of the Utah Constitution under the public interest exception to the mootness doctrine.

¶ 4 First, we hold that all of the issues presented by Mr. Angilau are moot because even if we were to resolve the issues he has raised in his favor, we could not grant the relief he has requested. Second, we decline to address his statutory and unnecessary rigor claims under the public interest exception to the mootness doctrine, because we hold that the statutory claims are unlikely to recur and that the unnecessary rigor claim is inadequately briefed.

## BACKGROUND

¶ 5 At the age of sixteen, Mr. Angilau was charged as an adult with murder, obstruction of justice, carrying a concealed weapon, and possessing a firearm on school premises. Because section 78A–6–701 of the Utah Code (the "Automatic Waiver" statute) provides that "[t]he district court has exclusive original jurisdiction over all persons 16 years of age or older charged with . . . an offense which would be murder or aggravated murder if committed by an adult,"[2] the charges against Mr. Angilau were filed in the district court.

¶ 6 Immediately after his arrest, Mr. Angilau was briefly held in a juvenile detention center. From there he was transferred to the Adult Detention Center (the "ADC"), a jail for adults operated by the Salt Lake County Sheriff.

¶ 7 Upon arriving at the ADC, Mr. Angilau was housed with the general population. During his time in the general population, he had several adult cellmates and spent eight hours per day with approximately sixty other adult inmates, some of whom were in jail on aggravated felony charges. While Mr. Angilau was in the general population, there was not constant visual monitoring in the cells or common areas of the ADC. Additionally, although the cells did have intercoms, there was only periodic guard supervision.

¶ 8 After approximately three months in the ADC's general population, Mr. Angilau was transferred to the maximum security unit where he spent, on average, twenty-three hours per day in a cell with his cellmate. Like in the general population, inmates detained in the maximum security unit of the ADC are not under constant video surveillance.

¶ 9 In March 2009, Mr. Angilau filed a Petition for Extraordinary Relief and Request for Immediate Temporary Relief in which he claimed that his incarceration in an adult jail was illegal and demanded his immediate release. The Third District Court denied Mr. Angilau's petition based on its interpretation of relevant laws in the juvenile justice statutory scheme.

¶ 10 Mr. Angilau appealed the denial on statutory and constitutional grounds, and we accepted the appeal. On appeal, he contends that his incarceration in an adult facility violated the Utah Code and the state and federal constitutions. Specifically, in his initial briefing, Mr. Angilau first argued that his incarceration violated the Utah Code because the code did not expressly authorize the detention of children charged under the Automatic Waiver statute in adult facilities. He also argued that his incarceration violated the code because the ADC did not comply with the safety standards adopted by the Board of Juvenile Justice Services (the "Board"), as was required by statute. Additionally, Mr. Angilau argued that the Automatic Waiver statute violated the Due Process and Equal Protection Clauses of the United States Constitution, and the uniform operation of laws clause of the Utah Constitution. These issues are addressed in our opinion in a companion case issued prior to this opinion.[3] Finally, Mr. Angilau contend-

---

**2.** Utah Code Ann. § 78A–6–701(1)(a) (Supp. 2010). Because changes to this statute since the time of Mr. Angilau's arrest have merely been clarifying, we refer to the present version throughout this opinion.

**3.** *See State v. Angilau,* 2011 UT 3, 245 P.3d 745.

ed that the incarceration of juveniles in adult facilities without the safety standards adopted by the Board violated the unnecessary rigor clause of the Utah Constitution.

¶ 11 After oral argument, but before this opinion was issued, the Utah Legislature significantly revised the statutory scheme governing the incarceration of children in adult facilities.[4] Prior to the amendment, section 62A–7–201 of the Utah Code provided that "[c]hildren under 18 years of age ... [could] *not* be confined in jails, lockups, or cells used for persons 18 years of age or older who are charged with crime ... *except* as provided by specific statute *and* in conformance with standards approved by the [B]oard."[5] Additionally, although section 201 did not provide authorization to detain children charged under the Automatic Waiver statute in adult jails, it did provide that "[c]hildren charged by information or indictment with crimes as a serious youth offender ... or certified to stand trial as an adult ... [could] be detained in a jail or other place of detention used for adults."[6]

¶ 12 Following the 2010 amendment, section 62A–7–201 now provides that "[c]hildren under 18 years of age ... may not be confined in jails, lockups, or cells used for persons 18 years of age or older who are charged with crime ... *except* as provided in ... specific statute *or*, in conformance with standards approved by the [B]oard."[7] Additionally, the amended section now specifies that "[c]hildren charged with crimes under [the Automatic Waiver statute] ... shall be detained in a jail or other place of detention used for adults."[8]

¶ 13 On November 27, 2010, Mr. Angilau turned eighteen years of age. Mr. Winder contends that the statutory amendments and Mr. Angilau's new status as an adult have mooted all of the issues raised in this appeal.

In contrast, Mr. Angilau contends that his claims are not moot. Additionally, he argues that even if the issues he has raised are moot, we should still address them under the public interest exception to the mootness doctrine. We have jurisdiction to hear this appeal under section 78A–3–102(3)(i) of the Utah Code.

## STANDARD OF REVIEW

■ ¶ 14 The determination of whether we will reach the merits of a mooted issue in any particular case rests within the discretion of this court.[9]

## ANALYSIS

### I. THE ISSUES RAISED BY MR. ANGILAU ARE MOOT

■ ¶ 15 The issues presented by Mr. Angilau in this appeal are moot. " 'An appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect.' "[10]

¶ 16 In the instant case, Mr. Angilau contends that his incarceration as a child in the ADC violated the Utah Code and the state and federal constitutions. All of the arguments advanced by Mr. Angilau in support of these claims rest entirely on his former status as a child. And significantly, the only relief Mr. Angilau has sought in this case is that we order his immediate release from the ADC.

¶ 17 Because Mr. Angilau is now eighteen years of age, even if we were to resolve the issues he has raised in his favor, we could not grant the relief he has requested. This is so because, as even Mr. Angilau concedes, the

---

**4.** *See* 2010 Utah Laws 38.

**5.** Utah Code Ann. § 62A–7–201(1) (Supp.2008) (emphases added).

**6.** *Id.* § 201(2)(a).

**7.** Utah Code Ann. § 62A–7–201(1) (Supp.2010) (emphases added).

**8.** *Id.* § 201(2)(a).

**9.** *See Ellis v. Swensen,* 2000 UT 101, ¶ 26, 16 P.3d 1233 ("Because mootness is a matter of judicial policy, the ultimate determination of whether to address an issue that is technically moot rests in the discretion of this court.").

**10.** *Frito–Lay v. Utah Labor Comm'n,* 2009 UT 71, ¶ 33, 222 P.3d 55 (quoting *Richards v. Baum,* 914 P.2d 719, 720 (Utah 1996)).

fact that he is "now eighteen years of age, [means that] he is eligible to be housed in the [ADC]." [11] Thus, even if we were to find that his incarceration in the ADC as a child violated the Utah Code or the state or federal constitutions, we could not grant the relief he has requested by ordering his immediate release because he is now an adult and is appropriately detained in the ADC. We are therefore convinced that Mr. Angilau's claims are moot.

¶ 18 Mr. Angilau's arguments to the contrary are not persuasive. Specifically, Mr. Angilau contends that his claims are not moot because, in his view, "a decision ... recognizing the unlawfulness of his incarceration might still affect his rights, as he may be entitled to restitution as a victim of the Sheriffs and District Attorney's crimes against him." [12] In support of this argument, Mr. Angilau notes that the preamendment version of section 62A–7–201—the section of the code regulating the incarceration of children in adult facilities—provided that "*[w]illful* failure to comply with any of the provisions of this section is a class B misdemeanor." [13] Thus, it appears that Mr. Angilau believes that a finding by this court that his incarceration violated the provisions of this statute would equate to a finding of criminal culpability for *willfully* violating the statute. But this is incorrect. Contrary to Mr. Angilau's assertions, any decision by this court that his detention was statutorily unauthorized would not equate to a finding of criminal wrongdoing or guilt by the Sheriff or Attorney General. Indeed, Mr. Angilau has not even raised the issue of whether any alleged violation of the preamendment statute by any state actors was willful. Moreover, even if he had made such claims, any finding by this court governing the willfulness of the parties involved in Mr. Angilau's incarceration would still not equate to a finding of criminal culpability. Thus, if Mr. Angilau seeks to pursue criminal charges against the Sheriff and Dis-

trict Attorney, he has chosen the wrong forum and wrong procedure to do so.

¶ 19 In sum, because a finding by this court that the incarceration of children charged under the Automatic Waiver statute in an adult facility violated either the preamendment version of the code or the state or federal constitutions would have no effect on Mr. Angilau's rights, as he is now an adult, we hold that the issues presented by Mr. Angilau are moot.

## II. WE DECLINE TO ADDRESS MR. ANGILAU'S CLAIMS UNDER THE PUBLIC INTEREST EXCEPTION TO THE MOOTNESS DOCTRINE

¶ 20 In some circumstances, we will "exercise our discretion and address a moot issue if we find that it 'falls within the public interest exception to the mootness doctrine.' " [14] We have explained that "[a] matter falls within the public interest exception 'when the case presents an issue that affects the public interest, is likely to recur, and because of the brief time that any one litigant is affected, is capable of evading review.' " [15] Although Mr. Angilau concedes that "his birthday might be viewed as mooting his appeal," he argues that we should still address the statutory and constitutional claims he has raised under the public interest exception. We disagree. First, we hold that the statutory claims raised by Mr. Angilau are not likely to recur and therefore do not fall within the public interest exception. Second, although we recognize that the unnecessary rigor claim advanced by Mr. Angilau may be likely to recur, we decline to address it under the public interest exception because we find Mr. Angilau's briefing on this issue to be inadequate.

### A. *The Statutory Violations Alleged by Mr. Angilau Are Unlikely to Recur*

¶ 21 To address an issue under the public interest exception to the mootness

---

11. *See* Mem. Supp. Suggestion of Mootness 2, April 5, 2010.

12. *Id.*

13. Utah Code Ann. § 62A–7–201(5) (Supp.2008) (emphasis added).

14. *McBride v. Utah State Bar*, 2010 UT 60, ¶ 13, 242 P.3d 769 (quoting *Ellis v. Swensen*, 2000 UT 101, ¶ 25, 16 P.3d 1233).

15. *Id.* (quoting *Burkett v. Schwendiman*, 773 P.2d 42, 44 (Utah 1989)).

doctrine, we must find that the issue is likely to recur.[16] Because we conclude that the statutory issues raised by Mr. Angilau are not likely to recur, we decline to address them under the public interest exception.

¶ 22 Mr. Angilau argues that his incarceration in an adult jail violated the Utah Code in two principal ways. First, he contends that his transfer to and incarceration in the adult jail violated the code because the code did not expressly authorize children charged under the Automatic Waiver statute to be incarcerated in adult facilities. Second, he contends that his incarceration violated the code because the ADC did not comply with the safety standards adopted by the Board, including a requirement that juveniles be under constant video surveillance.

¶ 23 Following oral argument in this case, but before the issuance of this opinion, the Utah Legislature amended the sections of the Utah Code regulating the pretrial incarceration of juvenile offenders in adult facilities.[17] The amended statute now expressly provides that "[c]hildren charged with crimes under [the Automatic Waiver statute] ... *shall* be detained in a jail or other place of detention used for adults." [18] Thus, even if the preamendment version of the code did not authorize the detention in adult jails of children charged under the Automatic Waiver statute at the time of Mr. Angilau's incarceration as a child, it now does. The amended statute now also provides that a child *may* be confined in an adult facility that does *not* conform with the safety standards approved by the Board *if* the child's detention is authorized by statute.[19] Thus, even though adult facilities may have been required to conform with the Board's standards at the time of Mr. Angilau's incarceration as a child,

they are now exempted from these requirements by statute.

¶ 24 Because these statutory amendments expressly authorize the conditions that Mr. Angilau contends violated the preamendment version of the code, and thereby render these conditions nonviolations under the amended statute, the violations alleged by Mr. Angilau are not likely to recur.[20] We therefore decline to address the statutory issues raised by Mr. Angilau under the public interest exception.

### B. Mr. Angilau's Unnecessary Rigor Claim Is Inadequately Briefed

¶ 25 The final issue we must resolve is whether to address Mr. Angilau's claim that his incarceration as a child in the ADC violated the unnecessary rigor clause of the Utah Constitution under the public interest exception to the mootness doctrine. Application of the public interest exception is an issue within the sound discretion of this court.[21] Thus, even if we find an issue to be of public importance, likely to recur, and capable of evading review, we will address the issue only if we feel it is appropriate to do so in a particular case.[22]

¶ 26 We readily acknowledge that the incarceration of children in adult facilities without the safety measures mandated by the Board may be an issue of public concern. We also recognize that because the amended version of the code authorizes such conditions, the incarceration of children in adult facilities failing to implement these measures is likely to recur. And because of the short time that juveniles may have to challenge their incarceration in adult facilities before becoming adults, we also acknowledge that this issue may be capable of evading review. But even though the question of whether Mr.

---

**16.** *See id.*

**17.** 2010 Utah Laws 38.

**18.** Utah Code Ann. § 62A–7–201(2)(a) (Supp. 2010) (emphasis added).

**19.** *Id.* § 201(1) (emphasis added).

**20.** This is particularly true given the small number of children who may have been incarcerated under the preamendment version of the statute.

**21.** *See McBride,* 2010 UT 60, ¶ 13, 242 P.3d 769; *see also Ellis,* 2000 UT 101, ¶ 26, 16 P.3d 1233 ("Because mootness is a matter of judicial policy, the ultimate determination of whether to address an issue that is technically moot rests in the discretion of this court.").

**22.** *See McBride,* 2010 UT 60, ¶ 13, 242 P.3d 769.

Angilau's confinement—or the general confinement of any child in an adult facility without the safety measures mandated by the Board—might otherwise qualify for application of the public interest exception, we decline to address Mr. Angilau's unnecessary rigor claim because we feel it has been inadequately briefed.

■ ¶ 27 We have previously explained that our adequate briefing standard "require[s] 'not just bald citation to authority but *development* of that authority and reasoned analysis based on that authority.' "[23] We may therefore disregard a party's argument if it fails to meet this standard.[24]

¶ 28 Mr. Angilau's briefing of the unnecessary rigor issue has failed to satisfy our adequate briefing requirements. Indeed, instead of presenting and developing our existing unnecessary rigor case law, Mr. Angilau has spent most of the two pages of his unnecessary rigor claim simply setting forth selected facts from his case. Moreover, rather than applying our unnecessary rigor case law to these facts and offering reasoned analysis as to why these conditions might be unnecessarily rigorous, Mr. Angilau's brief simply proceeds by making conclusory statements and demanding that we find that the conditions of his incarceration were unnecessarily rigorous.

¶ 29 Furthermore, even if we were to conclude that Mr. Angilau had adequately briefed his unnecessary rigor claim based on the specific conditions of his incarceration, we would still decline to apply the public interest exception and address the broader question raised by Mr. Angilau as to whether the pretrial confinement of *all* juveniles in *all* adult facilities in the state of Utah that do not comply with the standards adopted by the Board *always* violates the unnecessary rigor clause of the Utah Constitution. This is because we feel that the briefing and record before us are simply inadequate to make such a categorical determination, particularly because our unnecessary rigor analysis requires a fact-intensive inquiry.[25]

¶ 30 For these reasons, we decline to address Mr. Angilau's unnecessary rigor claim under the public interest exception to the mootness doctrine. We therefore leave the issue to be addressed and resolved in a more appropriate case.

## CONCLUSION

¶ 31 As a result of Mr. Angilau's status as an adult, we hold that the issues he raises on this appeal are moot. We also decline to address his statutory and unnecessary rigor claims under the public interest exception to the mootness doctrine, because we hold that the statutory claims are unlikely to recur and that the unnecessary rigor claim is inadequately briefed. We therefore deny Mr. Angilau's Petition for Extraordinary Relief.

¶ 32 Chief Justice DURHAM, Justice PARRISH, Justice NEHRING, and Judge HADLEY concur in Associate Chief Justice DURRANT'S opinion.

¶ 33 Due to his retirement, Justice WILKINS does not participate herein; District Judge SCOTT M. HADLEY sat.

¶ 34 Justice THOMAS R. LEE became a member of the Court on July 19, 2010, after oral argument in this matter, and accordingly did not participate.

---

**23.** *Anderson v. Taylor,* 2006 UT 79, ¶ 25, 149 P.3d 352 (emphasis added) (quoting *State v. Thomas,* 961 P.2d 299, 305 (Utah 1998)).

**24.** *Id.*

**25.** *See Dexter v. Bosko,* 2008 UT 29, ¶¶ 17–18, 184 P.3d 592.